UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:26-cv-60997-DSW

KARL JOBST,

     Plaintiff,

vs.

WILLIAM JAMES MITCHELL,

     Defendant,

_____/

## DEFENDANT'S MOTION FOR SECURITY FOR COSTS

Defendant, WILLIAM JAMES MITCHELL ("Mitchell"), by and through undersigned counsel, respectfully moves this Court for an Order requiring Plaintiff to post security for costs, and states:

### I. INTRODUCTION

Plaintiff, a pro se litigant residing in Australia, has initiated this action despite currently being a bankrupt debtor under trustee supervision and already owing Defendant approximately $990,000 AUD (approximately $699,959.70 USD) arising from prior litigation between these same parties concerning substantially similar subject matter. Defendant is informed and believes that he holds approximately ninety percent of the unsecured debt in Plaintiff's bankruptcy estate. These extraordinary circumstances present far more than a speculative risk of non-recovery. They demonstrate that the very party seeking affirmative relief in this action is already unable to satisfy a substantial existing

judgment owed to the defendant he has chosen to sue. Absent security, Defendant faces a substantial likelihood that any taxable costs awarded in his favor will likewise remain unrecoverable.

Accordingly, Defendant respectfully requests that the Court require Plaintiff to post security for costs in the amount of $80,000, or such lesser amount as the Court deems appropriate, and stay this action pending compliance with that requirement.

## II. BACKGROUND

1. **The Parties.** Plaintiff is a pro se litigant who resides in Australia. Defendant, William James Mitchell ("Mitchell"), is the named defendant in this action.

2. **The Complaint.** On or about April 8, 2026, Plaintiff filed a Complaint asserting claims including defamation and related tort theories arising from statements allegedly made by Defendant.

3. **Plaintiff's Admissions Regarding Financial Condition.** In support of his filings, Plaintiff has expressly acknowledged that he is experiencing financial hardship, including bankruptcy. *See* Plaintiff's Supplement to Motion for Leave to Use CM/ECF ("Supplement"), at 2 (Exhibit "A").

4. **Existing Judgment Owed to Defendant.** Plaintiff is currently subject to a judgment arising from prior litigation involving Defendant. Plaintiff owes approximately $990,000 AUD (approximately $699,959.70 USD) in

connection with that litigation. Defendant is informed and believes that Defendant holds approximately ninety percent of the unsecured debt in Plaintiff's bankruptcy estate.

5.     **Admissions Regarding Inability to Bear Routine Litigation Costs.** Plaintiff further admits that he cannot consistently afford routine litigation expenses, including the cost of expedited international mailing, and must carefully ration such expenditures. *Id.* at 2–3 (Exhibit "A").

6.     **Admissions Regarding Logistical Limitations.** Plaintiff also states that, due to international mailing constraints, filings may take fifteen (15) or more business days to arrive, and even expedited shipping may take several days, thereby requiring him to prepare filings significantly in advance and impairing his ability to meet court deadlines. *Id.* at 1–2 (Exhibit "A").

7.     **Reliance on Third Parties Within the United States.** The record further reflects that Plaintiff has relied on a third party located within the United States to assist with the logistics of this litigation, including mailing filings and facilitating payment of filing-related expenses. *See* mailing label attached to the Supplement (Exhibit "A").

8.     **Third-Party Payment.** The docket further reflects that the filing fee for this action was paid by an individual other than Plaintiff. *See* Clerk's Receipt (Exhibit "B").

9.     **Procedural Posture.** This action is in its early stages, and Defendant has not yet incurred the full extent of costs that will be required to

defend this case. However, given the nature of the claims asserted, Defendant anticipates that the litigation will require motion practice, written discovery, and depositions, all of which will generate taxable costs.

10. **Risk of Non-Recovery.** Plaintiff's foreign residency, admitted financial hardship, and inability to bear routine litigation expenses collectively demonstrate a substantial risk that Defendant will be unable to recover taxable costs at the conclusion of this action absent the posting of security.

### III. LEGAL STANDARD

Federal courts possess inherent authority to require a plaintiff to post security for costs to ensure that a prevailing defendant may recover taxable costs at the conclusion of litigation. *See, e.g.,* Simulnet East Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994) (recognizing district courts' inherent power to require plaintiffs to post security for costs).

In exercising that discretion, courts consider factors including the plaintiff's residence, financial condition, and the risk that a prevailing defendant will be unable to recover costs. *See* Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727–28 (1st Cir. 1984) (identifying relevant considerations such as the plaintiff's ability to pay and the equities of requiring security).

While a plaintiff's financial condition is a relevant consideration, courts do not evaluate that factor in isolation. Rather, courts consider the totality of the circumstances, including the plaintiff's residence, ability to satisfy a costs award, and the practical likelihood of recovery. See Aggarwal v. Ponce Sch. of Med., 745

F.2d 723, 727–28 (1st Cir. 1984). Courts have likewise recognized that a plaintiff's nonresident status may support the imposition of security for costs. *See In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987) (recognizing federal courts' inherent authority to require plaintiffs to post security for costs).

Accordingly, the inquiry is not whether Plaintiff has limited financial resources, but whether the circumstances presented create a substantial risk that a prevailing defendant will be unable to recover taxable costs.

Ultimately, whether to require a cost bond rests within the Court's sound discretion, guided by considerations of fairness and the need to protect defendants from the risk of unrecoverable litigation expenses. *See* Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727–28 (1st Cir. 1984).

## IV. ARGUMENT

### A. Plaintiff's Foreign Residency Creates a Substantial Risk of Non-Recovery

Plaintiff resides in Australia and has no apparent presence within the United States. As a result, if Defendant prevails in this action, enforcement of any costs judgment would require international collection efforts, which are inherently uncertain, time-consuming, and costly. This practical reality creates a substantial risk that Defendant will be unable to recover taxable costs.

Courts recognize that a plaintiff's nonresident status is a significant factor supporting the imposition of a cost bond. See In re Merrill Lynch Relocation

Mgmt., Inc., 812 F.2d 1116, 1121 (9th Cir. 1987) (recognizing federal courts' inherent authority to require security for costs and discussing application of such requirements to nonresident litigants); Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727–28 (1st Cir. 1984) (considering plaintiff's residence and the practical ability to recover costs as relevant factors).

Here, Plaintiff's foreign residency presents precisely the type of collection risk that cost bonds are designed to address. Unlike a domestic litigant with assets or presence in the United States, Plaintiff's overseas location would require Defendant to undertake additional legal proceedings abroad to enforce any costs award, with no assurance of success. This risk is not speculative... it is inherent in Plaintiff's chosen forum and residence.

Accordingly, Plaintiff's status as a foreign litigant strongly supports requiring the posting of security for costs to protect Defendant from the substantial likelihood of non-recovery.

## B. Plaintiff's Admitted Financial Inability to Bear Litigation Costs Warrants a Cost Bond

This case presents an extraordinary circumstance warranting security for costs. Plaintiff is not merely a litigant experiencing financial hardship. Rather, Plaintiff is a foreign debtor currently subject to bankruptcy proceedings who already owes Defendant approximately $990,000 AUD (approximately $699,959.70 USD) arising from prior litigation between these same parties.

Defendant is informed and believes that he holds approximately ninety percent of the unsecured debt in Plaintiff's bankruptcy estate.

Plaintiff's own filings further confirm his inability to bear the financial burdens of litigation. Plaintiff expressly acknowledges that he is experiencing significant financial hardship, including bankruptcy. See Plaintiff's Supplement to Motion for Leave to Use CM/ECF ("Supplement") at 2 (Exhibit "A"). Plaintiff further admits that he cannot consistently afford routine litigation expenses and must carefully ration costs associated with prosecuting this action. Id. at 2–3 (Exhibit "A").

These facts demonstrate far more than a theoretical concern regarding collectability. Plaintiff's inability to satisfy a substantial existing obligation owed directly to Defendant, coupled with his own admissions regarding financial hardship and inability to bear routine litigation expenses, strongly indicates that Plaintiff will be unable to satisfy a future award of taxable costs in this action. Requiring Defendant to incur substantial litigation expenses under these circumstances, without security, would create a significant and foreseeable risk of non-recovery.

In addition, available information reflects that Plaintiff does not have identifiable assets within the United States and has not identified assets sufficient to satisfy a potential costs award. *See* correspondence regarding security for costs. These circumstances further demonstrate that Plaintiff lacks the financial capacity to satisfy an adverse costs judgment.

Courts consider a plaintiff's ability to pay as a central factor in determining whether to require security for costs. *See* Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727–28 (1st Cir. 1984). Where a plaintiff demonstrates limited financial resources or an inability to bear litigation expenses, the risk that a prevailing defendant will be unable to recover costs is substantially increased.

Plaintiff's own statements confirm that risk here. Plaintiff admits that he cannot reliably afford even basic litigation logistics, including expedited international mailing, and that such expenses impose a material burden on his ability to participate in the case. *See* Supplement at 2–3 (Exhibit "A"). These are not speculative concerns; they are direct admissions that Plaintiff lacks the financial capacity to sustain litigation expenses.

Importantly, Defendant does not seek security for costs merely because Plaintiff claims limited financial resources. Rather, the concern is the combination of Plaintiff's admitted financial hardship and his status as a foreign litigant residing in Australia. Even where a plaintiff's financial condition alone might not justify security, Plaintiff's residence outside the United States substantially increases the practical difficulty of enforcing any costs judgment. Thus, the risk of non-recovery arises not solely from Plaintiff's financial circumstances, but from the combined effect of his admitted financial limitations and the substantial obstacles associated with international collection efforts.

Taken together, Plaintiff's admitted bankruptcy, lack of identifiable assets, and inability to bear routine litigation costs establish a substantial likelihood

that he will be unable to satisfy a costs award at the conclusion of this action. Accordingly, Plaintiff's financial condition strongly supports requiring the posting of a cost bond.

## C. Plaintiff's Own Admissions Demonstrate an Inability to Sustain the Burdens of Litigation

Plaintiff's filings further confirm that he is unable to reliably manage the practical burdens of litigating this action. Plaintiff admits that, due to his location in Australia, international mailing delays may take fifteen (15) or more business days, and even expedited delivery may require several additional days. *See* Supplement at 1–2 (Exhibit "A"). Plaintiff also acknowledges that these delays require him to prepare filings well in advance and materially limit his ability to meet court deadlines. *Id.* (Exhibit "A").

These admissions demonstrate more than logistical inconvenience… they establish that Plaintiff cannot efficiently prosecute this case without significant delay and expense.

Plaintiff's inability to meet routine litigation demands increases the likelihood of protracted proceedings, additional motion practice, and unnecessary expense. At the same time, Plaintiff's admitted financial limitations create a substantial risk that he will be unable to satisfy a costs award. These combined factors, delay, expense, and inability to pay, underscore the need for security.

Accordingly, Plaintiff's own admissions regarding the burdens of litigating from abroad further support requiring the posting of a cost bond to protect Defendant from the substantial risk of unrecoverable litigation expenses.

**D. Plaintiff's Reliance on Third-Party Assistance Further Underscores the Need for Security**

The record reflects that Plaintiff has relied on a third party located within the United States to assist with the logistics of this litigation, including facilitating the mailing of court filings. *See* Plaintiff's Supplement to Motion for Leave to Use CM/ECF ("Supplement"), mailing label (Exhibit "A"). The docket reflects that the filing fee for this action was paid by an individual other than Plaintiff. *See* Clerk's Receipt (Exhibit "B"). These facts demonstrate that Plaintiff is not independently managing the financial and logistical demands of this case.

While such assistance may enable Plaintiff to initiate and maintain filings, it underscores the uncertainty surrounding Plaintiff's financial independence and capacity to satisfy a costs award.

Here, Plaintiff's reliance on third parties to perform both logistical and financial aspects of this litigation, combined with his admitted financial hardship, demonstrates that any future costs award would likely depend on factors outside Plaintiff's control. There is no assurance that such third-party assistance would extend to satisfying a judgment for costs. This uncertainty materially increases the risk that Defendant will be unable to recover taxable costs if he prevails.

Accordingly, Plaintiff's dependence on third-party assistance provides additional support for requiring the posting of security for costs. This reliance further underscores that Plaintiff's ability to satisfy a costs judgment is uncertain and dependent on factors outside his control.

**E. This Litigation Will Necessarily Generate Recoverable Costs**

Defending this action will require the incurrence of taxable costs recoverable under 28 U.S.C. § 1920, including fees for deposition transcripts, printed or electronically recorded transcripts necessarily obtained for use in the case, witness fees, and costs associated with exemplification and copying of materials.

Given the nature of Plaintiff's claims and the factual issues implicated, including events, communications, and proceedings occurring both in the United States and abroad, Defendant reasonably anticipates that this case will require numerous depositions of third-party witnesses located outside the United States, particularly in Australia. Such discovery will necessarily require deposition transcripts, court-reporting services, and other recoverable discovery expenses. Given the anticipated number of witnesses and the international nature of the underlying events, these recoverable costs are expected to be substantial.

Even in ordinary cases, deposition-related costs constitute a substantial portion of recoverable litigation expenses. Here, the anticipated scope of discovery… particularly the number of depositions and the geographic dispersion of witnesses… will significantly exceed that of a typical domestic case. These are

not speculative expenses, but foreseeable and necessary costs inherent in litigating claims of this nature.

Accordingly, the anticipated scope and cost of discovery in this action further support requiring Plaintiff to post security for costs.

**F. A Cost Bond Is Necessary to Protect Defendant from Substantial Prejudice**

Taken together, the relevant factors demonstrate that requiring a cost bond is necessary to protect Defendant from a substantial risk of unrecoverable litigation expenses. As discussed above, Plaintiff is a foreign litigant currently subject to bankruptcy proceedings and already owes a substantial unsatisfied obligation to Defendant arising from prior litigation between these same parties. Plaintiff's existing financial condition, combined with his admitted inability to consistently bear routine litigation expenses, strongly indicates that he will be unable to satisfy a future award of taxable costs in this action. *See* Supplement (Exhibit "A").

Plaintiff also resides outside the United States and has relied upon third-party assistance to facilitate aspects of this litigation, including payment of the filing fee. *See* Clerk's Receipt (Exhibit "B"). These circumstances collectively establish a material risk that Defendant will be unable to recover taxable costs if he prevails.

Courts exercise their discretion to require security for costs precisely in circumstances such as these... where fairness and equity require protection

against the risk of non-recovery. *See Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 727–28 (1st Cir. 1984). Without a bond, Defendant would be required to expend resources defending this action with no meaningful assurance that recoverable costs could be collected if he prevails.

Requiring a cost bond does not bar Plaintiff from pursuing his claims; rather, it ensures that Plaintiff bears an appropriate measure of the financial responsibility associated with initiating litigation in this forum. This is particularly appropriate where, as here, Plaintiff has chosen to file suit in a distant jurisdiction despite acknowledged financial and logistical limitations.

The equities further support requiring Plaintiff to post security. In prior litigation between these same parties, the District Court of Queensland discussed Plaintiff's public statements that Defendant "needs to be destroyed in court," that certain individuals "need to be punished," and that Plaintiff would "never let Billy forget" the litigation if successful. *See* Mitchell v. Jobst [2025] QDC 41 at pp. 49, 105 (Exhibit "C"). The court further observed that Plaintiff viewed himself as a "crusader" against Defendant and intended to widely publicize any litigation success. *Id.* at 105 (Exhibit "C"). These judicial observations provide context regarding the unusually personal and adversarial nature of the parties' dispute. While Defendant does not ask this Court to relitigate those proceedings, these circumstances demonstrate the unusually personal and adversarial nature of this dispute and further support the need for reasonable protection against the risk of substantial unrecoverable costs.

Accordingly, a cost bond is necessary to prevent undue prejudice to Defendant and to ensure that Plaintiff's claims proceed on fair and equitable terms.

## V. AMOUNT OF SECURITY REQUESTED

Defendant respectfully requests that the Court order Plaintiff to post security for costs in the amount of $80,000. In the alternative, Defendant requests that the Court exercise its discretion to require such lesser amount of security as it deems appropriate under the circumstances. Defendant does not seek to restrict Plaintiff's access to the Court, but rather to ensure that a reasonable measure of protection exists against the substantial risk that recoverable costs will be unrecoverable if Defendant prevails.

The requested amount reflects Defendant's good-faith estimate of the taxable costs likely to be incurred through motion practice, document discovery, multiple domestic and international depositions, transcript procurement, court-reporting services, and other recoverable litigation expenses contemplated by 28 U.S.C. § 1920.

This amount is reasonable and proportional to the expected scope of this litigation and the substantial risk that Defendant will be unable to recover taxable costs if he prevails. As set forth above, Defendant anticipates that this case will require numerous depositions, including multiple third-party witnesses located in Australia and other international jurisdictions. These depositions will

require court reporting services, deposition transcripts, and related discovery expenses associated with foreign witnesses and evidence located abroad.

Even under conservative assumptions, deposition-related costs, including transcript fees, court-reporting services, and other recoverable discovery expenses, are expected to be significant given the anticipated number and location of witnesses. These are the types of taxable costs that security is designed to protect. These costs are recoverable under 28 U.S.C. § 1920 and represent the type of expenses a cost bond is designed to secure.

Courts have broad discretion to set the amount of a cost bond based on a holistic weighing of relevant factors, including the exigencies faced by the defendant and the need for meaningful security against the risk of non-recovery. *See* Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727–28 (1st Cir. 1984). Here, the anticipated scope of discovery, including multiple international depositions, supports a bond in the requested amount.

Given Plaintiff's foreign residency, admitted financial limitations, lack of identifiable assets, and reliance on third-party assistance, there is a substantial risk that Defendant will be unable to recover these costs if he prevails. Accordingly, Defendant respectfully submits that the requested bond amount is reasonable under the circumstances. However, should the Court determine that a lesser amount is appropriate at this stage of the proceedings, Defendant requests that the Court nevertheless require Plaintiff to post security in an amount sufficient to protect against the foreseeable taxable costs of litigation.

## VI. REQUEST FOR STAY PENDING POSTING OF SECURITY

Defendant respectfully requests that this Court stay all proceedings in this action until Plaintiff complies with any Order requiring the posting of security for costs.

Courts possess broad discretion to manage their dockets and to impose conditions necessary to ensure the fair and efficient administration of justice. *See* Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727–28 (1st Cir. 1984). Where a cost bond is warranted, a stay pending the posting of such security is appropriate to prevent a defendant from incurring unrecoverable litigation expenses before adequate protection is in place.

Absent a stay, Defendant would be required to engage in discovery, motion practice, and other litigation activities, incurring substantial costs, without assurance that those costs could be recovered if Defendant prevails. This is precisely the prejudice that a cost bond is intended to prevent. A stay ensures that Plaintiff satisfies his obligation to provide security before Defendant is forced to expend additional resources defending this action.

Moreover, a stay will not unduly prejudice Plaintiff. Plaintiff has already acknowledged the logistical and financial challenges associated with prosecuting this action, and the requested stay merely requires Plaintiff to comply with a reasonable condition designed to ensure fairness to both parties. If Plaintiff elects to proceed with his claims, he may do so upon posting the required security.

Accordingly, Defendant respectfully requests that the Court stay this action in its entirety until Plaintiff posts the security for costs ordered by the Court.

## VII. CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that, on June 9, 2026, counsel for Defendant conferred with Plaintiff via email regarding the relief requested in this Motion. During that correspondence, Defendant requested that Plaintiff agree to the posting of security for costs as set forth herein. Plaintiff expressly declined to agree to the requested relief, and this Motion is therefore opposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

/s/ *Michele T. Mitchell*
Michele T. Mitchell
FLA. BAR NO. 1048843
***Attorney for Defendant***
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100 – Phone

**Primary Service:** mtmitchell@jambg.com
**Secondary Service:** cintron@jambg.com

## SERVICE LIST

**KARL JOBST**
**Pro Se Plaintiff**
32 Ventura Street
Pallara, QLD, Australia 4110
Phone : +61 432 597 334
karljobstgaming@gmail.com

---

**Michele T. Mitchell, Esq.**
**Counsel for Defendant**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100 – Phone
mtmitchell@jambg.com
cintron@jambg.com