UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

KARL JOBST,

Plaintiff,

v.

WILLIAM JAMES MITCHELL,

Defendant.

Case No. 0:26-cv-60997-DSW

FILED BY_____D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLAINTIFF'S MOTION TO STRIKE AMENDED REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SECURITY FOR COSTS

On June 24, Defendant filed an amended reply ("Reply") (DE 26) in support of the motion for security for costs. ("MSC") For the reasons stated below, Plaintiff moves to strike this reply because it violates the Court's Local Rules.

## MEMORANDUM

Local Rules are "designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). District Court local rules have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Castro v. Din, F.D.I.C.*, 449 F. App'x. 786, 788 (11th Cir. 2011).

### 1. THE REPLY REARGUES THE MSC

Local Rule 7.1(c)(1) mandates that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."

Defendant argues that "Plaintiff's Opposition rests on the premise that, in the absence of an express Federal Rule of Civil Procedure authorizing security for costs, this Court lacks

1

authority to require a bond." Reply at 2. It then proceeds to belabor the same arguments it made in the MSC. This is especially egregious given that Plaintiff actually agreed with the premise that district courts have the authority to impose security for costs. Opposition ("OPP") at 3. ("Indeed, district courts do have authority to impose security for costs, though in practice the authority usually stems from state practice or a local rule.")

Sections IV and V of the Reply reargue the exact same points raised in the MSC. Reply at 5–8. It even goes so far as to admit that "Plaintiff ignores a critical and case-specific cost driver: enforcement." Reply at 7. After admitting that this issue was not raised in the OPP, the Reply improperly reargues it anyway.

## 2.  THE REPLY RESPONDS TO ARGUMENTS NOT MADE IN OPPOSITION

While the Reply mostly consists of rearguments of the original motion, when it does attempt to respond to the opposition it appears to hallucinate arguments that were never made. Section III of the Reply spends two pages arguing that Plaintiff relied upon *Aggarwal*. Reply at 3–5. The OPP did not rely on *Aggarwal*. Ironically, it was the MSC that almost exclusively relied upon *Aggarwal,* and the OPP was merely addressing the fact that if Defendant sought to rely on this opinion so heavily, it should be considered appropriately. OPP at 4-6. The Reply then uses this strawman of the OPP to present new arguments, including ideas that Plaintiff is engaging in "abusive or harassing litigation conduct" and is "leverag[ing] insolvency as both a sword and a shield…". Reply at 3, 5. First, Defendant is the movant. Second, the Reply does not substantiate these conclusions or explain how they relate to the OPP.

## 3.  THE REPLY IMPROPERLY INTRODUCES NEW ARGUMENTS

The Reply, seemingly in an attempt to prejudice the Plaintiff in the eyes of the Court, raises issues that have no connection to the OPP at all. Most alarmingly, the Reply makes numerous false statements of fact about what Plaintiff has said and done. The Reply

2

repeatedly states that Plaintiff "has expressly disclaimed the ability to satisfy an adverse cost award." Reply at 8–9. Plaintiff has never commented on his ability to pay a cost award, nor would it even be possible to make a judgment on something that may take years to eventuate. The Reply claims that Plaintiff "seeks to initiate additional litigation against the same Defendant while disclaiming any ability to satisfy an adverse cost award." *Id.* at 4. Again, not only did Plaintiff not disclaim any ability to satisfy an adverse cost award, but Plaintiff has never initiated any litigation against anyone prior to this case, and certainly not against Defendant. Not only are these theories that should have been raised in the MSC, but they are materially false and unsupported by any evidence.

This premise that Plaintiff has sued Defendant before and is engaging in successive litigation is repeated incessantly throughout the reply:

"Rather than an innocent litigant seeking access to the courts, Plaintiff seeks to pursue additional litigation against the same defendant while disclaiming any ability to satisfy an adverse cost award." *Id.* at 2.

"Aggarwal reflects a case-specific equitable balancing that expressly considers whether a plaintiff has engaged in abusive or harassing litigation conduct." *Id.* at 3.

"This is not a case involving an innocent litigant seeking access to the courts; it involves a foreign judgment debtor attempting to pursue successive litigation against his primary creditor without financial accountability." *Id.* at 4.

"Under his theory, a litigant who has already been adjudicated liable, remains subject to a substantial unpaid judgment, and resides outside the jurisdiction could initiate successive litigation against the same defendant without any meaningful financial exposure." *Id.* At 5

The Reply even makes a false claim of fact that is directly disproven by the exhibit that Defendant himself has submitted. The Reply states that Plaintiff has a defamation judgment of "approximately $990,000 AUD" against him. *Id.* at 4. Not only is this theory improper to raise in the Reply, but Defendant has already provided that specific opinion to the

3

court showing a defamation judgment of $350,000 plus interest of $40,446.58. MSC Exh. C at 1.

The Reply accuses Plaintiff of being a "crusader" with a documented "agenda of destroying Mr. Mitchell's reputation and punishing him." Reply at 4. The OPP did not raise, reference, discuss, or otherwise mention Plaintiff's relationship to Defendant or Plaintiff's past conduct. The Reply states that "Plaintiff's current financial condition is not an independent or blameless hardship". *Id.* at 4. This is entirely irrelevant and unresponsive to the issues raised by the OPP.

The purpose of making these false and misleading statements, in direct conflict to the Local Rule, is made obvious when the Reply argues that Plaintiff "now seeks to proceed without financial accountability" and that "Plaintiff's position would effectively permit an insolvent, foreign plaintiff to litigate without consequence..." *Id.* at 9. Plaintiff wonders what consequences Defendant believes are warranted against a party seeking relief from the Court. Even more transparently, the Reply states that "[Plaintiff] seeks to pursue litigation against the very party that holds a substantial outstanding judgment against him..." *Id.* at 9. Defendant appears to be disgruntled about the fact that a debtor has the right to initiate litigation against a creditor. If Defendant believes this to be an injustice, he should have raised it in the initial motion so that Plaintiff could have had the opportunity to respond appropriately.

### 4. CONCLUSION

Defendant repeatedly attacks and mischaracterizes Plaintiff's intentions and the nature of this action in order to turn a procedural request for security into a vehicle for which he can unload his personal grievances to the court. It is one thing to improperly raise new arguments and assert new facts into a reply, but Defendant's Reply seeks to do much more than that. The Reply is full of outright lies and falsifications in order to paint Plaintiff as a party not morally worthy of proceeding with this litigation. Defendant does not even attempt to substantiate any

of his false assertions, which, if were accepted or considered by the court, would be extremely prejudicial.

**WHEREFORE,** Plaintiff respectfully requests that the Court strike Defendant's Amended Reply in Support of Defendant's Motion for Security for Costs. Alternatively, Plaintiff requests that the Court disregard the Amended Reply when ruling on Defendant's Motion for Security for Costs.

### **LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

Plaintiff certifies that on June 21, 2026, Plaintiff conferred in good faith with counsel for Defendant by email regarding the relief requested in this motion. Plaintiff identified the Local Rule 7.1(c)(1) and 7.1(c)(2) grounds for striking Defendant's initial reply (DE 24) and requested that Defendant withdraw that reply. Defendant amended the initial reply to cure the page length deficiency, however did not seek to address the other concerns. Plaintiff advised Defendant's counsel by email on June 23 that Plaintiff would file a motion to strike if the amended reply was filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. I further certify that a true and correct copy of the foregoing document was served on Defendant's counsel by email at michele@mtam.law on the same date.

Dated: June 25, 2026

Respectfully submitted,

Karl Jobst

32 Ventura Street

Pallara, QLD, Australia 4110

Karljobstgaming@gmail.com

+61 432 597 334

Pro Se Plaintiff

6