UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:26-cv-60997-DSW

KARL JOBST,

      Plaintiff,

vs.

WILLIAM JAMES MITCHELL,

      Defendant,

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AMENDED REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant, WILLIAM JAMES MITCHELL ("Defendant"), by and through undersigned counsel, files this Response in Opposition to Plaintiff's Motion to Strike Defendant's Amended Reply in Support of Motion to Dismiss [ECF No. 28], and states as follows:

### I.    INTRODUCTION

Plaintiff's Motion should be denied. Defendant's Amended Reply was filed after Defendant sought leave, provided Plaintiff with the proposed filing, conferred with Plaintiff, and certified that Plaintiff did not oppose the requested leave. Plaintiff may disagree with the substance of the Amended Reply, but he did not oppose the procedural relief necessary to place it before the Court.

Plaintiff's Motion is, in substance, an unauthorized surreply. Plaintiff asks the Court to revisit the merits of the Motion to Dismiss by arguing that Defendant's rebuttal is wrong, incomplete, or insufficiently tied to Plaintiff's Opposition. But disagreement with a reply does not make the reply improper. If the Court concludes that any discrete phrase exceeds the proper scope of reply, the

Court may disregard that phrase. Striking the entire Amended Reply is unnecessary and unwarranted.

## II. LEGAL STANDARD

Local Rule 7.1(c)(1) permits a movant to file a reply memorandum within seven days after service of an opposing memorandum, provided the reply is "strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." The same rule prohibits further memoranda absent prior leave. S.D. Fla. L.R. 7.1(c)(1).

Rule 12(f) permits a court to strike material from a "pleading." Fed. R. Civ. P. 12(f). A motion, brief, or reply memorandum is not a pleading under Rule 7(a). *See* Fed. R. Civ. P. 7(a). Courts in this Circuit, including this District, have recognized that Rule 12(f) motions must be directed to pleadings and that motions to strike non-pleading filings are generally improper. *Croom v. Balkwill*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("Generally, a motion to strike is limited to the matters contained in the pleadings.").

Motions to strike are disfavored because they are often used as dilatory tactics and because striking material is a drastic remedy. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002); *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962). A motion to strike should not be granted unless the challenged matter has no possible relation to the controversy and may prejudice a party. *Augustus*, 306 F.2d at 868.

When a party contends that a reply raises new matter, the concern is whether the opposing party has had a fair opportunity to respond. The Eleventh Circuit recognizes that a district court may allow a surreply in its discretion when a valid reason exists, including where a movant raises new

arguments in reply. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008). But that principle does not support striking an entire reply memorandum where the filing responds to matters placed at issue in opposition and no prejudice is shown.

### III.    ARGUMENT

A.  <u>Plaintiff did not oppose Defendant's request for leave to file the Amended Reply.</u>

Plaintiff's Motion overlooks the procedural posture of the filing he seeks to strike. Defendant did not simply file a further memorandum as of right. Defendant sought leave to file the Amended Reply, provided the proposed filing, certified conferral, and advised the Court that Plaintiff did not oppose the requested leave [ECF No. 25 at 2].

Plaintiff had the opportunity to oppose Defendant's request for leave to file the Amended Reply. He did not. To the extent Plaintiff privately stated that he intended to move to strike after the Amended Reply was filed, that does not transform a merits disagreement into a proper motion to strike. The relevant point is that Plaintiff did not oppose the procedural relief allowing the Amended Reply to be filed. His present Motion therefore rests purely on a disagreement with Defendant's rebuttal, which is not a valid basis to strike a filing.

B.  <u>Rule 12(f) does not provide a basis to strike a reply memorandum.</u>

Plaintiff styles his filing as a motion to strike, but the challenged document is a reply memorandum, not a pleading. Rule 12(f) authorizes striking material from a pleading. Fed. R. Civ. P. 12(f). A reply memorandum is not one of the pleadings identified in Rule 7(a).

Accordingly, the relief requested is procedurally improper to the extent Plaintiff invokes the ordinary motion-to-strike framework. *Croom,* 672 F. Supp. 2d at 1285. Even if the Court considers

the Motion under its inherent authority to manage its docket, Plaintiff still has not shown prejudice or any basis to strike the entire filing.

C.  <u>The Amended Reply responds to issues Plaintiff raised in opposition.</u>

Plaintiff's Opposition argued that Defendant's Motion to Dismiss failed to engage with the First Amended Complaint, that Plaintiff adequately pleaded falsity, that Plaintiff is not a public figure, that actual malice was sufficiently alleged, and that the unauthorized-use and IIED claims survive. [ECF No. 18 at 4–10]. Defendant's Amended Reply responds to those arguments by explaining why the First Amended Complaint remains legally insufficient even accepting well-pleaded allegations as true.

D.  <u>The public-figure discussion is direct rebuttal, not new matter.</u>

Plaintiff specifically argued in opposition that he "is not a public figure for the purposes of defamation and should only need to plausibly demonstrate negligence." [ECF No. 18 at 4]. Defendant was entitled to respond.

The Amended Reply does not contend that subscriber count alone makes Plaintiff a public figure for every purpose. Rather, Defendant argues that Plaintiff's own allegations support limited-purpose public-figure treatment in the relevant controversy. Plaintiff alleges that he operates a widely viewed YouTube channel with over one million subscribers, derives income from that audience, and depends on his reputation for credibility and trustworthiness as a central component of that business. [ECF No. 8 at ¶ 2]. Plaintiff also alleges that he published a YouTube video titled "My Final Lawsuit Update," in which he publicly addressed and denied Defendant's allegations concerning the bankruptcy process. [ECF No. 8 at ¶ 19].

Those allegations are directly relevant to Plaintiff's role in the relevant gaming-commentary, fundraising, litigation, and credibility dispute. The public-figure section therefore responds to Plaintiff's Opposition and is grounded in Plaintiff's own pleading.

E. <u>Plaintiff's objection to the word "acknowledges" is not grounds to strike the Amended Reply.</u>

Plaintiff objects to Defendant's phrasing that Plaintiff "acknowledges" incomplete, evolving, or later-clarified public disclosures. [ECF No. 28 at 2–3]. Plaintiff says he never made that acknowledgment. But this is a dispute over advocacy and characterization, not a basis to strike an entire reply.

Defendant does not contend that Plaintiff used the exact word "acknowledge." Defendant's argument is that Plaintiff's own allegations describe a developing public dispute involving litigation, fundraising, trustee communications, public videos, audience-facing statements, and later explanations. Plaintiff need not use the specific word "acknowledge" for Defendant to argue that the factual narrative of the pleading reflects incomplete, evolving, and later-clarified public disclosures.

The Amended Reply argues that this context undermines Plaintiff's falsity and actual-malice theories and supports Defendant's opinion and rhetorical-hyperbole defenses. If the Court finds any isolated phrasing imprecise, the Court may simply disregard that phrasing. Plaintiff's objection does not warrant striking the entire filing.

F. <u>Plaintiff's remaining objections are merits arguments dressed as procedural objections.</u>

Plaintiff also argues that portions of the Amended Reply reargue the Motion to Dismiss or respond to issues not raised in the Opposition. But the challenged sections address claims Plaintiff

defended in opposition, including unauthorized use of name or likeness, IIED, and pleading sufficiency. Plaintiff's disagreement with Defendant's rebuttal does not make the rebuttal improper.

Plaintiff's Motion therefore functions as an unauthorized surreply. It asks the Court to decide that Defendant's arguments are wrong, not that the Amended Reply is procedurally improper. That is not a basis to strike.

## IV.     CONCLUSION

**WHEREFORE**, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's Amended Reply in Support of Motion to Dismiss [ECF No. 28], and grant such other and further relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of July 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

<u>/s/Michele T. Mitchell</u>
Michele T. Mitchell
FLA. BAR NO. 1048843
***Counsel for Defendant***
***963 Azure Lane***
***Weston, FL 33326***
**954-658-0789**
*(Pending Order on Motion to Substitute Counsel)*

**Primary Service:**     michele@mtam.law

## SERVICE LIST

**KARL JOBST**
**Pro Se Plaintiff**
32 Ventura Street
Pallara, QLD, Australia 4110
Phone : +61 432 597 334
karljobstgaming@gmail.com

_____

Michele T. Mitchell, Esq.
**Counsel for Defendant**
*(Pending Order on Motion to Substitute Counsel)*
963 Azure Lane
Weston, FL 33326
michele@mtam.law