UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:26-cv-60997-DSW

KARL JOBST,

      Plaintiff,

vs.

WILLIAM JAMES MITCHELL,

      Defendant,

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AMENDED REPLY IN SUPPORT OF MOTION FOR SECURITY FOR COSTS**

Defendant, WILLIAM JAMES MITCHELL ("Defendant"), by and through undersigned counsel, files this Response in Opposition to Plaintiff's Motion to Strike Defendant's Amended Reply in Support of Motion for Security for Costs [ECF No. 27], and states as follows:

## I.    INTRODUCTION

Plaintiff's Motion should be denied. Defendant's Amended Reply was filed after Defendant sought leave, provided Plaintiff with the proposed filing, conferred with Plaintiff, and certified that Plaintiff did not oppose the requested leave. Plaintiff may disagree with the substance of the Amended Reply, but he did not oppose the procedural relief necessary to place it before the Court.

Plaintiff's Motion is, in substance, an unauthorized surreply. Plaintiff disputes Defendant's characterization of Plaintiff's Opposition, Plaintiff's bankruptcy status, the prior Australian litigation, the existing creditor relationship, and the practical risk that costs will be unrecoverable.

Those disputes go to the merits of the pending Motion for Security for Costs. They are not grounds to strike an entire reply memorandum.

The Motion also mischaracterizes Defendant's position. Defendant's security motion and reply do not depend on a "theory" that Plaintiff owes Defendant money. The official bankruptcy record for Plaintiff lists "WILLIAM MITCHELL - $990,000.00" under Creditors/Amount. *See* Official Bankruptcy Filing, attached hereto as **Exhibit A**. Plaintiff also previously filed, as Exhibit 6 to his original Complaint, a pre-bankruptcy settlement letter from his Australian counsel stating that "our client is liable for payment of the total sum of $990,945.57 (the Judgment Debt)" to Mitchell. [ECF No. 1-1 at 33–34]. Plaintiff may dispute the legal effect of that amount, but the figure itself is not invented, speculative, or unsupported. The Amended Reply properly addressed Plaintiff's attempt to minimize the significance of his foreign residency, bankruptcy, and existing debt to Defendant.

If the Court concludes that any discrete phrase in the Amended Reply is imprecise or exceeds the proper scope of reply, the Court may disregard that phrase. Striking the entire Amended Reply is unnecessary and unwarranted.

## II.     LEGAL STANDARD

Local Rule 7.1(c)(1) permits a movant to file a reply memorandum within seven days after service of an opposing memorandum, provided the reply is "strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." The same rule prohibits further memoranda absent prior leave. S.D. Fla. L.R. 7.1(c)(1).

Rule 12(f) permits a court to strike material from a "pleading." Fed. R. Civ. P. 12(f). A motion, brief, or reply memorandum is not a pleading under Rule 7(a). *See* Fed. R. Civ. P. 7(a). Courts in

this Circuit, including this District, have recognized that Rule 12(f) motions must be directed to pleadings and that motions to strike non-pleading filings are generally improper. *Croom v. Balkwill,* 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("Generally, a motion to strike is limited to the matters contained in the pleadings.").

Motions to strike are disfavored because they are often used as dilatory tactics and because striking material is a drastic remedy. *See Thompson v. Kindred Nursing Ctrs. E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002); *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.,* 306 F.2d 862, 868 (5th Cir. 1962). A motion to strike should not be granted unless the challenged matter has no possible relation to the controversy and may prejudice a party. *Augustus,* 306 F.2d at 868.

When a party contends that a reply raises new matter, the concern is whether the opposing party has had a fair opportunity to respond. The Eleventh Circuit recognizes that a district court may allow a surreply in its discretion when a valid reason exists, including where a movant raises new arguments in reply. *First Specialty Ins. Corp. v. 633 Partners, Ltd.,* 300 F. App'x 777, 788 (11th Cir. 2008). But that principle does not support striking an entire reply memorandum where the filing responds to matters placed at issue in opposition and no prejudice is shown.

### III.    ARGUMENT

A.  <u>Plaintiff did not oppose Defendant's request for leave to file the Amended Reply.</u>

Plaintiff's Motion overlooks the procedural posture of the filing he seeks to strike. Defendant did not simply file a further memorandum as of right. Defendant sought leave to file the Amended Reply, provided the proposed filing, certified conferral, and advised the Court that Plaintiff did not oppose the requested leave [ECF No. 26 at 2].

Plaintiff had the opportunity to oppose Defendant's request for leave to file the Amended Reply. He did not. To the extent Plaintiff privately stated that he intended to move to strike after the Amended Reply was filed, that does not transform a merits disagreement into a proper motion to strike. The relevant point is that Plaintiff did not oppose the procedural relief allowing the Amended Reply to be filed. His present Motion therefore rests purely on a disagreement with Defendant's rebuttal, which is not a valid basis to strike a filing.

B.  Rule 12(f) does not provide a basis to strike a reply memorandum.

Plaintiff styles his filing as a motion to strike, but the challenged document is a reply memorandum, not a pleading. Rule 12(f) authorizes striking material from a pleading. Fed. R. Civ. P. 12(f). A reply memorandum is not one of the pleadings identified in Rule 7(a).

Accordingly, the relief requested is procedurally improper to the extent Plaintiff invokes the ordinary motion-to-strike framework. *Croom*, 672 F. Supp. 2d at 1285. Even if the Court considers the Motion under its inherent authority to manage its docket, Plaintiff still has not shown prejudice or any basis to strike the entire filing.

C.  The Amended Reply responds to issues Plaintiff raised in opposition.

Plaintiff's Opposition to the Motion for Security for Costs argued that Defendant cited insufficient authority for a cost bond, that the requested bond would impair Plaintiff's access to the courts, that the amount sought was excessive, that Plaintiff's financial condition weighed against a bond, and that Defendant relied too heavily on Plaintiff's bankruptcy and financial burden [ECF No. 20 at 3–5]. Defendant's Amended Reply responds to those arguments.

That is proper rebuttal. A reply may address the arguments actually raised in opposition. Plaintiff cannot convert his disagreement with Defendant's rebuttal into a Local Rule violation.

D.  <u>Plaintiff's disagreement with Defendant's characterization of the $990,000 debt is not grounds to strike the Amended Reply.</u>

Plaintiff argues that Defendant's reference to an approximately $990,000 AUD debt is false or unsupported. [ECF No. 27 at 3–4]. That attack is wrong and, in any event, does not justify striking the Amended Reply.

Defendant's position is not based on conjecture. The official bankruptcy record for Plaintiff lists "WILLIAM MITCHELL - $990,000.00" under Creditors/Amount. *See* Official Bankruptcy Filing (Exhibit "A"). Plaintiff also previously filed, as Exhibit 6 to his original Complaint, a pre-bankruptcy settlement letter from his Australian counsel stating that "our client is liable for payment of the total sum of $990,945.57 (the Judgment Debt)" to Mitchell. [ECF No. 1-1 at 33–34].

Plaintiff's attempt to contrast the $990,000 figure with the damages amounts awarded in the Queensland judgment is misleading. Defendant does not contend that the Queensland judgment awarded $990,000 in damages alone. The Queensland judgment awarded $300,000 in damages for non-economic loss, $50,000 in aggravated damages, interest, and costs, with the later creditor amount reflecting the total debt arising from that litigation, including substantial costs. Plaintiff's own docketed exhibit identifies that total as approximately $990,945.57, and the official bankruptcy record separately lists Mitchell as a creditor in the amount of $990,000.00. [ECF No. 1-1 at 33–34]; *see* Ex. A.

Plaintiff's attempt to recast that documented amount as unsupported further illustrates the practical collection concerns underlying Defendant's Motion for Security for Costs. If Plaintiff

disputes the legal significance of the debt, that dispute goes to the merits of the pending Motion for Security for Costs, not to whether Defendant's Amended Reply should be stricken.

E.  <u>Plaintiff's objection to "disclaimed ability" is, at most, a dispute over phrasing.</u>

Plaintiff objects to Defendant's statement that Plaintiff has disclaimed the ability to satisfy an adverse cost award. [ECF No. 27 at 2–3]. Plaintiff says he never used those exact words. But that objection does not warrant striking the Amended Reply.

Defendant's argument is that Plaintiff's bankruptcy, foreign residency, financial limitations reflected in his own filings, and inability to consistently bear routine litigation expenses demonstrate a substantial risk that a future cost award would be difficult or impossible to collect. The Motion for Security for Costs relied on Plaintiff's own filings concerning bankruptcy, international mailing burdens, and financial limitations [ECF No. 17-1 at 1–3]. It also relied on Plaintiff's foreign residency and the existing creditor relationship between the parties.

To the extent the phrase "disclaimed ability" is disputed, Defendant does not contend that Plaintiff used those exact words. Defendant contends that Plaintiff's own filings and circumstances establish collectability risk. If the Court finds the phrasing imprecise, it may disregard that phrase. It is not a basis to strike the entire Amended Reply.

F.  <u>Plaintiff's objection to the phrase "successive litigation" does not warrant striking the Amended Reply.</u>

Plaintiff also objects to Defendant's reference to successive or additional litigation between the same parties. [ECF No. 27 at 3]. Defendant does not contend that Plaintiff was the plaintiff in the prior Australian defamation proceeding. Defendant's point is that, following the prior Australian litigation, the resulting judgment, and Plaintiff's bankruptcy, Plaintiff initiated this federal action

against the same opposing party to whom he is listed as owing a substantial creditor amount in bankruptcy.

That characterization is also consistent with the Queensland court's findings concerning Plaintiff's conduct of the prior litigation. Judge Barlow found that Plaintiff defended the prior action with an "agenda of destroying Mr Mitchell's reputation and punishing him" and that Plaintiff had "clearly taken pleasure in this role and in continuing to publicise himself in this way." [ECF No. 17-3 at 113, ¶534]. Thus, the challenged language concerns the practical and equitable posture of this case: Plaintiff is a foreign bankrupt litigant pursuing affirmative relief against an existing creditor after prior litigation between the same parties resulted in a substantial debt owed to that creditor.

Plaintiff's disagreement with Defendant's characterization of that posture is a merits dispute, not a basis to strike the entire Amended Reply.

G.  The Aggarwal discussion is proper rebuttal.

Plaintiff's Opposition discussed *Aggarwal* and argued that the decision weighed against requiring a bond because a bond would function as a financial gatekeeper. *[ECF No. 20 at 4–6]*. Defendant's Amended Reply responded by explaining that *Aggarwal* does not create a categorical safe harbor for financially burdened litigants and that the equitable considerations here differ from those in *Aggarwal*.

That is rebuttal. Plaintiff cannot cite and rely on *Aggarwal* in opposition, then claim Defendant introduced improper new matter by explaining why Plaintiff's reliance on *Aggarwal* is misplaced.

H.  Plaintiff's remaining objections are merits arguments dressed as procedural objections.

Plaintiff argues that the Amended Reply reargues the Motion for Security for Costs, responds to arguments not raised in opposition, and introduces improper new arguments. But the challenged sections address the same subjects Plaintiff raised in opposition: the Court's authority, Plaintiff's financial condition, access to courts, the amount of the requested bond, the prior litigation, bankruptcy, and collectability risk.

Plaintiff's Motion therefore functions as an unauthorized surreply. It asks the Court to decide that Defendant's arguments are wrong, not that the Amended Reply is procedurally improper. That is not a basis to strike.

## IV.     CONCLUSION

**WHEREFORE**, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's Amended Reply in Support of Motion for Security for Costs [ECF No. 27], and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

*/s/Michele T. Mitchell*
Michele T. Mitchell
FLA. BAR NO. 1048843
***Counsel for Defendant***
***963 Azure Lane***
***Weston, FL 33326***
**954-658-0789**
*(Pending Order on Motion to Substitute Counsel)*

**Primary Service:**        michele@mtam.law

## SERVICE LIST

**KARL JOBST**
**Pro Se Plaintiff**
32 Ventura Street
Pallara, QLD, Australia 4110
Phone : +61 432 597 334
karljobstgaming@gmail.com

_____

Michele T. Mitchell, Esq.
**Counsel for Defendant**
*(Pending Order on Motion to Substitute Counsel)*
963 Azure Lane
Weston, FL 33326
954-658-0789
michele@mtam.law