### UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

KARL JOBST,

                    Plaintiff,

          v.

WILLIAM JAMES MITCHELL,

                    Defendant.

Case No. 0:26-cv-60997-DSW

FILED BY _____ D.C.

JUL 08 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED REPLY

### IN SUPPORT OF MOTION TO DISMISS

On July 2, Defendant filed a response in opposition ("OPP") (DE 29) to Plaintiff's

motion to strike ("MTS") Defendant's amended reply ("Reply") in support of motion to

dismiss ("MTD"). Plaintiff files this reply in support of MTS and states:

### MEMORANDUM

### 1. DEFENDANT ATTEMPTS TO MISLEAD THE COURT

The OPP states at page 3:

> Plaintiff had the opportunity to oppose Defendant's request for
> leave to file the Amended Reply. He did not. To the extent
> Plaintiff privately stated that he intended to move to strike after
> the Amended Reply was filed, that does not transform a merits
> disagreement into a proper motion to strike. The relevant point
> is that Plaintiff did not oppose the procedural relief allowing the
> Amended Reply to be filed. His present Motion therefore rests
> purely on a disagreement with Defendant's rebuttal, which is not
> a valid basis to strike a filing.

This is categorically false. After Defendant filed two replies (DE 23, 24) Plaintiff

contacted Defendant's counsel by email putting them on notice that those replies violated

Local Rules 7.1(c)(1) and 7.1(c)(2). *See* Declaration of Karl Jobst ("Jobst Decl."), Ex. A. In

1

response, Defendant only sought to cure the deficiency of rule 7.1(c)(2) and did not attempt to address rule 7.1(c)(1) at all. *Id.* Defendant's counsel sent both amended replies (DE 25, 26) to Plaintiff by email and advised they would be seeking leave to file the amended replies. *Id.* Plaintiff responded by email stating that while he does not oppose Defendant seeking leave to amend to attempt to cure the deficiencies previously outlined, the amended replies **did not do so.** Plaintiff made it expressly clear that while the page length violation had been addressed, the replies were still in violation of Local Rule 7.1(c)(1) and therefore if they were filed Plaintiff would move to strike. *Id.*

### 2.  THE MTS IS NOT A RULE 12 MOTION

Defendant contends that the MTS invokes rule 12 of the FRCP. OPP at 3–4. However, nowhere in the MTS does it invoke, rely on, or even mention rule 12. The MTS is seeking remedy for violations of a Local Rule. A motion to strike is an appropriate procedural mechanism to seek relief when Local Rules are broken. Courts in the Southern District of Florida can, and do, grant motions to strike when parties do not adhere to Local rules. *See Capua v. Air Europa Lineas Aereas S.A. Inc.*, No. 20-cv-61438-RAR, ECF No. 20 (S.D. Fla. 2020) (granting motion to strike responses for violating Local Rule 7.1(c)(2)'s page limit and formatting rules); *see also Porter v. Collecto, Inc.*, No. 14-21270-CIV-MORENO, ECF No. 23 (S.D. Fla. 2014) (granting two motions to strike noncompliant filings for violations of Local Rule 7.1(c)(2) and Local Rule 7.1(a)(3)); *see also Ashe v. M/Y After Hours,* No. 13-23467-CIV-COHN/SELTZER, ECF No. 87 (S.D. Fla. 2014) (granting motion to strike unauthorized supplemental memoranda filed without prior leave under Local Rule 7.1(c) and striking multiple docket entries).

### 3.  DEFENDANT REFUSES TO ELUCIDATE HIS ASSERTIONS

Defendant states that "Plaintiff objects to Defendant's phrasing that Plaintiff "acknowledges" incomplete, evolving, or later-clarified public disclosures." OPP at 5. Plaintiff does not object to Defendant's 'phrasing' or use of the word 'acknowledges',

Plaintiff objects to the clear and obvious false statement of fact regarding Plaintiff's supposed admission. Plaintiff agrees with Defendant that "[i]f the Court finds any isolated phrasing imprecise, the Court may simply disregard that phrasing." OPP at 5. This should result in most of the brief being disregarded, as the almost complete absence of any relationship between the Reply and the MTD opposition makes any precise analysis practically impossible. Defendant does not even try to provide any clarity to the assertion that Plaintiff acknowledged anything. Instead, the OPP simply repeats the same generic, conclusory statements made in the Reply—only this time with the apparent concession that they may not be coherent, and therefore, may be disregarded.

For the foregoing reasons, Defendant's Amended Reply in Support of Defendant's Motion to Dismiss should be stricken.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of July 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. I further certify that a true and correct copy of the foregoing document was served on Defendant's counsel by email at michele@mtam.law on the same date.

Dated: July 7, 2026

Respectfully submitted,

K. Jobst

Karl Jobst
32 Ventura Street
Pallara, QLD, Australia 4110
Karljobstgaming@gmail.com
+61 432 597 334
Pro Se Plaintiff

3

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

KARL JOBST,

                    Plaintiff,

          v.

WILLIAM JAMES MITCHELL,

                    Defendant.

Case No. 0:26-cv-60997-DSW

**DECLARATION OF KARL JOBST IN SUPPORT OF PLAINTIFF'S REPLY IN**

**SUPPORT OF MOTION TO STRIKE**

I, Karl Jobst, declare as follows:

1.      I am the Plaintiff in the above case.

2.      Attached as Exhibit A is a true and correct copy of the Local Rule 7.1(a)(3) mandatory conferral between Plaintiff and Defendant's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of July, 2026 in Brisbane, Australia.

By: _____

Karl Jobst

4

**EXHIBIT A**

 **Gmail**                                                    **Karl Jobst <karljobstgaming@gmail.com>**

## Jobst v. Mitchell - Conferral re Motion to Strike Defendant's Replies
5 messages

**Karl Jobst** <karljobstgaming@gmail.com>                         Mon, Jun 22, 2026 at 3:09 AM
To: Michele Mitchell <michele@mtam.law>

Counsel,

On June 19 Defendant submitted to the court two replies in support of Defendant's Motion to Dismiss and Motion for Security for Costs.

Local Rule 7.1(c)(1) states that a reply "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." Both replies fail to adhere to this rule as they reargue matters covered in Defendant's initial motions and raise new issues not put into dispute by Plaintiff's opposition.

Further, Local Rule 7.1(c)(2) states that a reply "shall not exceed ten (10) pages." Both replies fail to adhere to this rule.

As such, Plaintiff intends to move to strike both replies.

Pursuant to Local Rule 7.1(a)(3) please advise if your client will withdraw both replies. Absent a response by **5:00pm Eastern Time on Monday, June 22** I will seek relief from the court.

Regards,
Karl Jobst

**Michele Mitchell** <michele@mtam.law>                            Tue, Jun 23, 2026 at 3:46 AM
To: Karl Jobst <karljobstgaming@gmail.com>

Mr. Jobst,

Defendant will file amended replies that conform to the applicable page limitations.

Best,

## Michele Mitchell, Esq.
michele@mtam.law
Attorney

MTAM Law, PLLC
954-658-0789

*The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*
[Quoted text hidden]

**Michele Mitchell** <michele@mtam.law>                            Tue, Jun 23, 2026 at 6:27 AM
To: Karl Jobst <karljobstgaming@gmail.com>

Mr. Jobst,

Defendant intends to seek leave to file an amended reply in support of the Motion to Dismiss.

The proposed amended reply does not add any new arguments, authorities, facts, or requests for relief. Rather, it shortens portions of the previously filed reply in an effort to address your objection regarding page limitations.

Please advise by June 23 at 5PM whether Plaintiff opposes Defendant's request for leave to file the amended reply.

[Quoted text hidden]

--

[Quoted text hidden]

📎 **FINAL AMENDED JOBST REPLY TO OPPOSITION TO MTD.pdf**
     159K

---

**Michele Mitchell** <michele@mtam.law>                                    Tue, Jun 23, 2026 at 6:44 AM
To: Karl Jobst <karljobstgaming@gmail.com>

Mr. Jobst,

Defendant also intends to seek leave to file an amended reply in support of Defendant's Motion for Security for Costs.

As with the amended reply concerning the Motion to Dismiss, the proposed amended reply does not assert any new arguments, authorities, facts, or requests for relief. Rather, it shortens portions of the previously filed reply in an effort to address your objection regarding page limitations.

A copy of the proposed amended reply is attached for your review.

Please advise by June 23 at 5PM whether Plaintiff opposes Defendant's request for leave to file the amended reply.

Absent a response by that deadline, Defendant will represent that Plaintiff's position could not be ascertained despite a good-faith effort to confer.

[Quoted text hidden]

📎 **FINAL AMENDED REPLY TO MFSFC OPP.pdf**
     148K

---

**Karl Jobst** <karljobstgaming@gmail.com>                                    Tue, Jun 23, 2026 at 5:19 PM
To: Michele Mitchell <michele@mtam.law>

Counsel,

Plaintiff does not oppose Defendant seeking leave to amend to attempt to cure the deficiencies previously outlined.

The amended replies now adhere to Local Rule 7.1(c)(2), however they do not adhere to Local Rule 7.1(c)(1). As such Plaintiff will move to strike the amended replies once filed.

Regards,
Karl Jobst
[Quoted text hidden]