UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

KARL JOBST,

Plaintiff,

v.

WILLIAM JAMES MITCHELL,

Defendant.

Case No. 0:26-cv-60997-DSW

FILED BY _____ D.C.

JUL 08 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED REPLY**

**IN SUPPORT OF MOTION FOR SECURITY FOR COSTS**

On July 2, Defendant filed a response in opposition ("OPP") (DE 30) to Plaintiff's motion to strike ("MTS") Defendant's amended reply ("Reply") in support of motion for security for costs ("MSC"). Plaintiff files this reply in support of MTS and states:

**MEMORANDUM**

**1. DEFENDANT ATTEMPTS TO MISLEAD THE COURT**

The OPP states at page 4:

> Plaintiff had the opportunity to oppose Defendant's request for leave to file the Amended Reply. He did not. To the extent Plaintiff privately stated that he intended to move to strike after the Amended Reply was filed, that does not transform a merits disagreement into a proper motion to strike. The relevant point is that Plaintiff did not oppose the procedural relief allowing the Amended Reply to be filed. His present Motion therefore rests purely on a disagreement with Defendant's rebuttal, which is not a valid basis to strike a filing.

This is categorically false. After Defendant filed two replies (DE 23, 24) Plaintiff contacted Defendant's counsel by email putting them on notice that those replies violated Local Rules 7.1(c)(1) and 7.1(c)(2). *See* Declaration of Karl Jobst ("Jobst Decl."), Ex. A. In

1

response, Defendant only sought to cure the deficiency of rule 7.1(c)(2) and did not attempt to address rule 7.1(c)(1) at all. *Id.* Defendant's counsel sent both amended replies (DE 25, 26) to Plaintiff by email and advised they would be seeking leave to file the amended replies. *Id.* Plaintiff responded by email stating that while he does not oppose Defendant seeking leave to amend to attempt to cure the deficiencies previously outlined, the amended replies **did not do so.** Plaintiff made it expressly clear that while the page length violation had been addressed, the replies were still in violation of Local Rule 7.1(c)(1) and therefore if they were filed Plaintiff would move to strike. *Id.*

Rule 11(b)(3) of the FRCP mandates that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." It is extremely telling that Defendant did not attach the conferral correspondence in question as an evidentiary exhibit while making factual claims about its contents in his legal argument. If Defendant had done so, it would have been abundantly clear to the Court that his characterization of the conferral was false and misleading.

Further, Plaintiff had already put the contents of the conferral on record within the MTS certificate of conferral. MTS at 5. The certificate of conferral clearly stated that Plaintiff had advised Defendant's counsel of the procedural deficiency of the amended replies and the basis for which he would move to strike. *Id.* So not only is Defendant now making false characterizations regarding the mandatory 7.1(a)(3) conferral, but is also denying the certification outlined in the MTS, in violation of Rule 11(b)(4). Lastly, it needs to be highlighted that the very fact that Defendant attempted to mischaracterize good faith conferral and use it as a tool to argue the merits of the MTS is, quite frankly, astonishing.

2

## 2.  THE MTS IS NOT A RULE 12 MOTION

Defendant contends that the MTS invokes rule 12 of the FRCP. OPP at 4. However, nowhere in the MTS does it invoke, rely on, or even mention rule 12. The MTS is seeking remedy for violations of a Local Rule. A motion to strike is an appropriate procedural mechanism to seek relief when Local Rules are broken. Courts in the Southern District of Florida can, and do, grant motions to strike when parties do not adhere to Local rules. *See Capua v. Air Europa Lineas Aereas S.A. Inc.*, No. 20-cv-61438-RAR, ECF No. 20 (S.D. Fla. 2020) (granting motion to strike responses for violating Local Rule 7.1(c)(2)'s page limit and formatting rules); *see also Porter v. Collecto, Inc.*, No. 14-21270-CIV-MORENO, ECF No. 23 (S.D. Fla. 2014) (granting two motions to strike noncompliant filings for violations of Local Rule 7.1(c)(2) and Local Rule 7.1(a)(3)); *see also Ashe v. M/Y After Hours*, No. 13-23467-CIV-COHN/SELTZER, ECF No. 87 (S.D. Fla. 2014) (granting motion to strike unauthorized supplemental memoranda filed without prior leave under Local Rule 7.1(c) and striking multiple docket entries).

## 3.  DEFENDANT INCORRECTLY ASSERTS ISSUES WERE RAISED BY PLAINTIFF

The OPP states at page 8:

> Plaintiff argues that the Amended Reply reargues the Motion for Security for Costs, responds to arguments not raised in opposition, and introduces improper new arguments. But the challenged sections address the same subjects Plaintiff raised in opposition: the Court's authority, Plaintiff's financial condition, access to courts, the amount of the requested bond, the prior litigation, bankruptcy, and collectability risk.

None of these matters were raised in Plaintiff's opposition to the MSC. Each and every issue listed here was put before the court by Defendant in the original motion. Defendant seems to be of the impression that the word 'raise' merely means to address an issue. The responding party cannot raise an issue simply by arguing matters first put into dispute by the movant. If that were the case, every opposition would give the movant carte

blanche to reargue any issue raised in the original motion, merely because the opposition responded to it.

Regardless, even if responding to an issue did allow for rebuttal, Local Rule 7.1(c)(1) sets the clear boundary that rebuttal must not contain "reargument of matters covered in the movant's initial memorandum of law." Of the 9 pages that make up the Reply memorandum, Defendant spends less than a single page rebutting an issue raised by Plaintiff in his opposition to the MSC—the conduct of Defendant and his counsel. (DE 26 Ex. 1 at 8).

### 4. DEFENDANT MISCHARACTERISES PLAINTIFF'S CORRECTION REGARDING THE DEFAMATION JUDGMENT

The OPP states "Plaintiff argues that Defendant's reference to an approximately $990,000 AUD debt is false or unsupported." OPP at 5. As is becoming standard, Defendant does not quote Plaintiff's language that gives rise to this assertion. Plaintiff did not mention any debt, nor does the word 'debt' appear in the MTS a single time. Defendant made a factual claim that the defamation judgment amounted to $990,000. (DE. 26 Ex. 1 at 4). This was a false statement. Defendant attempts to walk this back by conceding that he "does not contend that the Queensland judgment awarded $990,000 in damages alone." OPP at 5. But that is precisely what his statement implied. The 'costs' portion of a judgment has no connection to the nature or severity of the action from which it arises. In any case, the specific amount of costs that led to the total debt did not derive from a judge or a judgment, it was a mutually agreed upon dollar figure settled between the two parties out of court. Jobst Decl. Ex. B, C, D.

Clearly, Plaintiff does not deny a debt exists, nor does Plaintiff dispute the sum. Plaintiff even specified the amount in his motion to dismiss opposition. (DE. 18 at 16).

4

## 5. DEFENDANT CONTINUOUSLY ATTRIBUTES FALSE PROPOSITIONS TO PLAINTIFF

Defendant states "Plaintiff objects to Defendant's statement that Plaintiff has disclaimed the ability to satisfy an adverse cost award. Plaintiff says he never used those exact words." OPP at 6. Plaintiff never said he never used those exact words, nor was that even implied as an argument. Once again, Plaintiff is not quoted so it is functionally impossible to respond to what Defendant is referring to. Plaintiff has not mentioned or referenced a potential cost award at any time, and even after being put on notice for this false attribution, Defendant refuses to justify his charge.

In a now recurring theme, Defendant walks back their claim by stating "Defendant's argument is that Plaintiff's bankruptcy, foreign residency, financial limitations reflected in his own filings, and inability to consistently bear routine litigation expenses demonstrate a substantial risk that a future cost award would be difficult or impossible to collect." OPP at 6. There is a significant difference between attributing an 'expressed' admission to Plaintiff, and Defendant's assumptions about Plaintiff's ability to pay a hypothetical adverse cost award that may or may not eventuate at some unspecified moment in time.

Defendant states "Plaintiff's objection to the phrase "successive litigation" does not warrant striking the Amended Reply." OPP at 6. Defendant's ability to take objections to entire propositions and distill them down to one or two words is genuinely impressive. Defendant again withdraws from their original position, conceding, "Defendant does not contend that Plaintiff was the plaintiff in the prior Australian defamation proceeding." OPP at 6. Meanwhile, the Reply has an entire section titled "Aggarwal Does Not Protect Strategic Judgment Debtors or Successive Litigation Against the **Same** Defendant." OPP at 4. (emphasis added). Needless to say, Plaintiff did not object to references to 'additional litigation' or the word 'successive'. The actual statements that Plaintiff has an issue with are quite well outlined in the MTS.

5

For the foregoing reasons, Defendant's Amended Reply in Support of Defendant's Motion for Security for Costs should be stricken.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. I further certify that a true and correct copy of the foregoing document was served on Defendant's counsel by email at michele@mtam.law on the same date.

Dated: July 6, 2026

Respectfully submitted,

Karl Jobst
32 Ventura Street
Pallara, QLD, Australia 4110
Karljobstgaming@gmail.com
+61 432 597 334
Pro Se Plaintiff

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

KARL JOBST,

                    Plaintiff,

          v.

WILLIAM JAMES MITCHELL,

                    Defendant.

Case No. 0:26-cv-60997-DSW

**DECLARATION OF KARL JOBST IN SUPPORT OF PLAINTIFF'S REPLY IN**

**SUPPORT OF MOTION TO STRIKE**

I, Karl Jobst, declare as follows:

1.     I am the Plaintiff in the above case.

2.     Attached as Exhibit A is a true and correct copy of the Local Rule 7.1(a)(3) mandatory conferral between Plaintiff and Defendant's counsel.

3.     Attached as Exhibit B is a true and correct copy of an April 22, 2025 letter from Plaintiff's counsel to Defendant's counsel offering to agree on a fixed amount of costs.

4.     Attached as Exhibit C is a true and correct copy of an April 24, 2025 letter from Defendant's counsel to Plaintiff's counsel offering a fixed costs amount.

5.     Attached as Exhibit D is a true and correct copy of an April 29, 2025 email from Plaintiff's counsel to Defendant's counsel accepting Defendant's proposed costs amount.

7

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of July, 2026 in Brisbane, Australia.

By: _____

Karl Jobst

**EXHIBIT A**

 Gmail                                          **Karl Jobst <karljobstgaming@gmail.com>**

## Jobst v. Mitchell - Conferral re Motion to Strike Defendant's Replies
5 messages

**Karl Jobst** <karljobstgaming@gmail.com>                              Mon, Jun 22, 2026 at 3:09 AM
To: Michele Mitchell <michele@mtam.law>

Counsel,

On June 19 Defendant submitted to the court two replies in support of Defendant's Motion to Dismiss and Motion for Security for Costs.

Local Rule 7.1(c)(1) states that a reply "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." Both replies fail to adhere to this rule as they reargue matters covered in Defendant's initial motions and raise new issues not put into dispute by Plaintiff's opposition.

Further, Local Rule 7.1(c)(2) states that a reply "shall not exceed ten (10) pages." Both replies fail to adhere to this rule.

As such, Plaintiff intends to move to strike both replies.

Pursuant to Local Rule 7.1(a)(3) please advise if your client will withdraw both replies. Absent a response by **5:00pm Eastern Time on Monday, June 22** I will seek relief from the court.

Regards,
Karl Jobst

**Michele Mitchell** <michele@mtam.law>                              Tue, Jun 23, 2026 at 3:46 AM
To: Karl Jobst <karljobstgaming@gmail.com>

Mr. Jobst,

Defendant will file amended replies that conform to the applicable page limitations.

Best,

## Michele Mitchell, Esq.
michele@mtam.law
Attorney

MTAM Law, PLLC
954-658-0789

*The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*
[Quoted text hidden]

**Michele Mitchell** <michele@mtam.law>                              Tue, Jun 23, 2026 at 6:27 AM
To: Karl Jobst <karljobstgaming@gmail.com>

Mr. Jobst,

Defendant intends to seek leave to file an amended reply in support of the Motion to Dismiss.

The proposed amended reply does not add any new arguments, authorities, facts, or requests for relief. Rather, it shortens portions of the previously filed reply in an effort to address your objection regarding page limitations.

Please advise by June 23 at 5PM whether Plaintiff opposes Defendant's request for leave to file the amended reply.

[Quoted text hidden]

--

[Quoted text hidden]

📎 **FINAL AMENDED JOBST REPLY TO OPPOSITION TO MTD.pdf**
159K

**Michele Mitchell** <michele@mtam.law>                    Tue, Jun 23, 2026 at 6:44 AM
To: Karl Jobst <karljobstgaming@gmail.com>

Mr. Jobst,

Defendant also intends to seek leave to file an amended reply in support of Defendant's Motion for Security for Costs.

As with the amended reply concerning the Motion to Dismiss, the proposed amended reply does not assert any new arguments, authorities, facts, or requests for relief. Rather, it shortens portions of the previously filed reply in an effort to address your objection regarding page limitations.

A copy of the proposed amended reply is attached for your review.

Please advise by June 23 at 5PM whether Plaintiff opposes Defendant's request for leave to file the amended reply.

Absent a response by that deadline, Defendant will represent that Plaintiff's position could not be ascertained despite a good-faith effort to confer.

[Quoted text hidden]

📎 **FINAL AMENDED REPLY TO MFSFC OPP.pdf**
148K

**Karl Jobst** <karljobstgaming@gmail.com>                    Tue, Jun 23, 2026 at 5:19 PM
To: Michele Mitchell <michele@mtam.law>

Counsel,

Plaintiff does not oppose Defendant seeking leave to amend to attempt to cure the deficiencies previously outlined.

The amended replies now adhere to Local Rule 7.1(c)(2), however they do not adhere to Local Rule 7.1(c)(1). As such Plaintiff will move to strike the amended replies once filed.

Regards,
Karl Jobst
[Quoted text hidden]

**EXHIBIT B**

10

 MILLS OAKLEY

**Page 1 of 1**
**Mills Oakley**
ABN: 51 493 069 734

Your ref: MAC:FJ:20230597
Our ref: SVBB9442825

All correspondence to:
GPO Box 5247
BRISBANE QLD 4001
**DX 40160 Brisbane Uptown**

**Contact**
Nicole Neal +61 7 3228 0423
Email: nneal@millsoakley.com.au
Fax: +61 7 3012 8777

**Partner**
Samuel Barber +61 7 3228 0477
Email: sbarber@millsoakley.com.au

**WITHOUT PREJUDICE**

22 April 2025

Attention: Michael Coates & Francis Joseph
Bennett & Philp Lawyers

By email:     mcoates@bennettphilp.com.au;
              FJoseph@bennettphilp.com.au

Dear Colleagues,

**William James Mitchell v Karl Jobst | District Court of Queensland proceeding no. 1075/24 (Proceeding)**

We refer to your letter of today's date.

To avoid the parties' costs of preparing further submissions and the Court's time in determining the form of the costs order to be made, on a purely commercial basis and without admission, our client proposes to agree on a fixed amount for costs payable to your client.

Agreeing to a fixed amount for costs will also provide our client with finality in the matter and will allow him to plan ahead knowing the full extent of his liability owed to your client.

In this regard, can you please provide confirmation as to:

1.  your client's full amount of costs incurred up until the last day of trial, by reference to solicitor costs, Counsel costs and disbursements incurred; and

2.  an amount your client would be willing to agree to as a fixed amount for costs, keeping in mind that indemnity costs if awarded (being your client's best case) generally total 70% to 80% of all costs incurred at assessment.

Our client's preference is to bring this matter to an end as soon as possible. Accordingly, we ask your client provides the above information as a matter of priority, but in any event no later than **12pm Thursday, 24 April 2025**.

On this basis, our client is agreeable to orders directing your client to file and serve further submissions as to costs by 4pm Tuesday, 29 April 2025, with our client to file and serve submissions in reply by 4pm Tuesday, 6 May 2025. Please provide us with a proposed email to His Honour's Associate to be issued jointly by the parties for our review.

However, as stated above, our client's preference is for the parties to agree to a fixed costs order.

We look forward to receiving your client's cost position as requested by **12pm Thursday, 24 April 2025**.

Yours faithfully,

**SAMUEL BARBER**
**PARTNER**

3465-4024-7865, v. 1

**EXHIBIT C**

bennett & philp · lawyers

■ ■ ■ ■ ☐

⥊ MERITAS

Bennett & Philp Lawyers is a member of
Meritas, one of the world's largest alliances of
prequalified independent law firms.

24 April 2025

Our Ref:       MAC:FJ:EC:20230597
Your Ref:

Mills Oakley
Level 23, 66 Eagle Street
Brisbane Qld 4000

**By email:** *nneal@millsoakley.com.au;*
*sbarber@millsoakley.com.au*

### WITHOUT PREJUDICE

Dear Colleagues,

### WILLIAM JAMES MITCHELL v KARL JOBST
### DISTRICT COURT OF QUEENSLAND AT BRISBANE PROCEEDING NO. 1075 OF 2024

1    We refer to your without prejudice correspondence of 22 April 2025 in which your client raised the prospect of agreeing to a fixed amount payable to our client for the costs of the proceeding.

2    As part of that proposal your correspondence requested that we:

"... *provide confirmation of:*

1.    *your client's full amount of costs incurred up until the last day of trial, by reference to solicitor costs, Counsel costs and disbursements incurred; and*

2.    *an amount your client would be willing to agree to as a fixed amount for costs, keeping in mind that indemnity costs if awarded (being your client's best case) generally total 70% to 80% of all costs incurred at assessment.*"

3    We now provide a breakdown of our client's costs incurred to date.

The total of our client's costs incurred of and incidental to the proceeding are $686,671.56 (including GST which our client was liable to pay and received no benefit of input credits). That total amount is comprised as follows:

Disbursements:

| | |
|---|---|
| • Counsel's fees: | $136,378.75 |
| • Mediator's fee: | $3,300.00 |
| • Filing fees/Settling down and hearing fees: | $2,197.45 |
| • Service fees: | $97.40 |
| • Transcript costs: | $9,059.70 |

**Bennett & Philp Lawyers**        **P:** +61 7 3001 2999        Level 5, 69 Ann St, Brisbane 4000        **www.bennettphilp.com.au**
ABN 63 132 284 372        **F:** +61 7 3001 2989        GPO Box 463, Brisbane Q 4001
**E:** enquiries@bennettphilp.com.au

Individual liability limited by a scheme approved under professional standards legislation (personal injury work exempted).

7649619

Mills Oakley                                  - 2 -                              24 April 2025

- Youtube analytics expert costs:              $3,850.00
- Search fees:                                 $25.47
- Express post costs:                          $36.75
- Search and copy fee:                         $12.60
- USB costs:                                   $360.00
- Courier costs:                               $33.87
- Accommodation expenses:                      $3,389.36
- Travel expenses (Flights USA to Brisbane):   $9,540.40

TOTAL:                                         $168,281.75

Solicitors' Costs and associated expenses:

$518,389.81

4    Our client is of the view that he is entitled to recover costs from your client on the indemnity basis. As such, our client is of the view that, in respect of the disbursements, he would be entitled to 90% to 100% of the disbursements incurred. Taking the mid-range of 95%, that is an amount for disbursements of $159,867.66. In respect of the solicitors' costs, our client is of the view that he would be entitled to recover between 80% to 90%. Taking the mid-range of 85%, that comes to an amount of $440,631.33.

5    As such, the amount that our client would be prepared to fix the costs at is $600,498.99.

Yours faithfully,
**BENNETT & PHILP**

*Bennett & Philp*

Contact:       Francis Joseph                    Michael Coates
Position:      Senior Associate                  Director
Direct Line:   07 3001 2995                      07 3001 2912
Email:         fjoseph@bennettphilp.com.au       mcoates@bennettphilp.com.au

*Security Warning: The Law Society has warned that some Law Firm emails have been hacked resulting in false requests for payments or changes to bank details on genuine invoice or payment instructions. We follow a policy of ringing and confirming details before making bank transfers. Clients should be wary of invoices and payment instructions and similarly ring and check bank details before making transfers particularly where large amounts are concerned.*

7649619

**EXHIBIT D**

**From:** Nicole Neal
**Sent:** Tuesday, 29 April 2025 12:55 PM
**To:** Michael Coates <mcoates@bennettphilp.com.au>
**Cc:** Samuel Barber <sbarber@millsoakley.com.au>; Francis Joseph
<FJoseph@bennettphilp.com.au>
**Subject:** RE: Jobst ATS Mitchell | District Court of Queensland proceeding 1075/24 (MO:9276640)

Dear Colleague

We refer to your letter dated 24 April 2025. Our client accepts the offer contained with that correspondence and we confirm that it is now binding upon the parties.

To avoid the parties' time and cost of preparing further submissions, we are instructed to consent to an order for payment of your client's costs fixed in the amount of $600,498.99.