**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KARL JOBST,<br>Plaintiff,<br>v.<br>WILLIAM JAMES MITCHELL,<br>Defendant. | Case No. 0:26-cv-60997-KMM |

FILED BY ___ D.C.
AUG 21 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S MOTION TO STRIKE AMENDED REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SECURITY FOR COSTS**

On August 19, Defendant filed an amended reply ("Reply") (DE 41) in support of the motion for security for costs ("MSC"). For the reasons stated below, Plaintiff moves to strike this reply because it violates the Court's Local Rules.

**MEMORANDUM**

Local Rules are "designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). District Court local rules have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Castro v. Dir., F.D.I.C.*, 449 F. App'x. 786, 788 (11th Cir. 2011).

**1. THE REPLY REARGUES THE MSC**

Local Rule 7.1(c)(1) mandates that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."

Defendant argues that "Plaintiff's Opposition rests on the premise that, in the absence of an express Federal Rule of Civil Procedure authorizing security for costs, this Court lacks

authority to require a bond." Reply at 2. It then proceeds to belabor the same arguments it made in the MSC. This is especially egregious given that Plaintiff actually agreed with the premise that district courts have the authority to impose security for costs. Opposition ("OPP") at 3. ("Indeed, district courts do have authority to impose security for costs, though in practice the authority usually stems from state practice or a local rule.")

Sections IV and V of the Reply reargue the exact same points raised in the MSC. Reply at 5–7. It even goes so far as to admit that "Plaintiff ignores a critical and case-specific cost driver: enforcement." Reply at 7. After admitting that this issue was not raised in the OPP, the Reply improperly reargues it anyway.

**2. THE REPLY RESPONDS TO ARGUMENTS NOT MADE IN OPPOSITION**

While the Reply mostly consists of rearguments of the original motion, when it does attempt to respond to the opposition it appears to hallucinate arguments that were never made. Section III of the Reply spans pages 3–5 and argues that Plaintiff relied on Aggarwal for a proposition the OPP did not advance. The OPP did not contend that Aggarwal categorically shields Plaintiff from a bond because of his financial condition. Rather, because the MSC relied heavily upon Aggarwal, the OPP addressed the standards and equitable considerations contained in Defendant's own authority. OPP at 4–6. The Reply then uses this strawman of the OPP to present new arguments, including ideas that Plaintiff is engaging in "abusive or harassing litigation conduct" and is "leverag[ing] insolvency as both a sword and a shield…". Reply at 3–4. First, Defendant is the movant. Second, the Reply does not substantiate these conclusions or explain how they relate to the OPP.

**3. THE REPLY IMPROPERLY INTRODUCES NEW ARGUMENTS**

The Reply, seemingly in an attempt to prejudice the Plaintiff in the eyes of the Court, raises issues that have no connection to the OPP at all. Most alarmingly, the Reply makes numerous false statements of fact about what Plaintiff has said and done. The Reply

repeatedly states that Plaintiff "has expressly disclaimed the ability to satisfy an adverse cost award." Reply at 8. Plaintiff has never commented on his ability to pay a cost award, nor would it even be possible to make a judgment on something that may take years to eventuate. The Reply claims that Plaintiff "seeks to initiate additional litigation against the same Defendant while disclaiming any ability to satisfy an adverse cost award." *Id.* at 4. Again, not only did Plaintiff not disclaim any ability to satisfy an adverse cost award, but Plaintiff has never initiated any litigation against anyone prior to this case, and certainly not against Defendant. Not only are these theories that should have been raised in the MSC, but they are materially false and unsupported by any evidence.

This premise that Plaintiff has sued Defendant before and is engaging in successive litigation is repeated incessantly throughout the reply:

"Rather than an innocent litigant seeking access to the courts, Plaintiff seeks to pursue additional litigation against the same defendant while disclaiming any ability to satisfy an adverse cost award." *Id.* at 2.

"Aggarwal reflects a case-specific equitable balancing that expressly considers whether a plaintiff has engaged in abusive or harassing litigation conduct." *Id.* at 3.

"This is not a case involving an innocent litigant seeking access to the courts; it involves a foreign judgment debtor attempting to pursue successive litigation against his primary creditor without financial accountability." *Id.* at 4.

"Under his theory, a litigant who has already been adjudicated liable, remains subject to a substantial unpaid judgment, and resides outside the jurisdiction could initiate successive litigation against the same defendant without any meaningful financial exposure." *Id.* at 4–5.

The Reply also materially mischaracterizes the defamation judgment submitted by Defendant himself. It states that Plaintiff is subject to a defamation judgment of "approximately $990,000 AUD." Id. at 4. Yet the judgment Defendant submitted awarded $350,000 in damages plus $40,446.58 in interest, while separately ordering costs. MSC Exh.

C at 1. The remaining $600,498.99 was not an amount adjudicated by the Court, but a fixed costs amount subsequently agreed between the parties out of court. See DE 32, Jobst Decl. Exh. B–D. Although the resulting total debt was approximately $990,945.57, characterizing that entire amount as the "defamation judgment" is grossly inaccurate.

The Reply further accuses Plaintiff of being a "crusader" with a documented "agenda of destroying Mr. Mitchell's reputation and punishing him." Reply at 4. The OPP did not raise, reference, discuss, or otherwise mention Plaintiff's relationship to Defendant or Plaintiff's past conduct. The Reply states that "Plaintiff's current financial condition is not an independent or blameless hardship". *Id.* at 4. This is entirely irrelevant and unresponsive to the issues raised by the OPP.

The purpose of making these false and misleading statements, in direct conflict to the Local Rule, is made obvious when the Reply argues that Plaintiff "now seeks to proceed without financial accountability" and that "Plaintiff's position would effectively permit an insolvent, foreign plaintiff to litigate without consequence…" *Id.* at 9. Plaintiff wonders what consequences Defendant believes are warranted against a party seeking relief from the Court. Even more transparently, the Reply states that "[Plaintiff] seeks to pursue litigation against the very party that holds a substantial outstanding judgment against him…" *Id.* at 8. The repeated emphasis on Plaintiff bringing an action against a judgment creditor is not responsive to an argument raised in the OPP. If Defendant believes this to be an injustice, he should have raised it in the initial motion so that Plaintiff could have had the opportunity to respond appropriately.

**4. CONCLUSION**

Defendant repeatedly attacks and mischaracterizes Plaintiff's intentions and the nature of this action in order to turn a procedural request for security for costs into a vehicle through which he can unload his personal grievances to the court. It is one thing to improperly raise new arguments and assert new facts into a reply, but Defendant's Reply seeks to do much

more than that. The Reply repeatedly attributes false statements, admissions, and litigation history to Plaintiff that are unsupported by the record in an attempt to paint Plaintiff as a party not morally worthy of proceeding with this litigation. Defendant does not even attempt to substantiate any of his assertions, which, if accepted or considered by the court, would be extremely prejudicial.

**WHEREFORE,** Plaintiff respectfully requests that the Court strike Defendant's Amended Reply in Support of Defendant's Motion for Security for Costs. Alternatively, Plaintiff requests that the Court disregard the portions within the Amended Reply highlighted in this motion when ruling on Defendant's Motion for Security for Costs.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Plaintiff certifies that on June 21, 2026, Plaintiff conferred in good faith with counsel for Defendant by email regarding the relief requested in this motion. Plaintiff identified the Local Rule 7.1(c)(1) and 7.1(c)(2) grounds for striking Defendant's initial reply (DE 24) and requested that Defendant withdraw that reply. Defendant amended the initial reply to cure the page length deficiency, however did not seek to address the other concerns. Plaintiff advised Defendant's counsel by email on June 23 that Plaintiff would file a motion to strike if the amended reply was filed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. Defendant's counsel is a registered CM/ECF user and will receive service through the Court's CM/ECF system upon docketing by the Clerk.

Dated: August 20, 2026

Respectfully submitted,

K. Jobst

Karl Jobst
32 Ventura Street
Pallara, QLD, Australia 4110
Karljobstgaming@gmail.com
+61 432 597 334
Pro Se Plaintiff