**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

KARL JOBST,

Plaintiff,

v.

WILLIAM JAMES MITCHELL,

Defendant.

Case No. 0:26-cv-60997-KMM

FILED BY EB D.C.

AUG 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

**PLAINTIFF'S MOTION TO STRIKE AMENDED REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On August 19, Defendant filed an amended reply ("Reply") (DE 40) in support of the motion to dismiss ("MTD") Plaintiff's First Amended Complaint ("FAC"). For the reasons stated below, Plaintiff moves to strike this reply because it violates the Court's Local Rules.

**MEMORANDUM**

Local Rules are "designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). District Court local rules have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Castro v. Dir., F.D.I.C.*, 449 F. App'x. 786, 788 (11th Cir. 2011).

**1. THE REPLY REARGUES THE MTD**

Local Rule 7.1(c)(1) mandates that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." The Reply is almost entirely devoid of any rebuttal to the opposition ("OPP") and instead is, in essence, a reargument of the MTD.

The sections of the Reply discussing Plaintiff's claims for unauthorized use of name or likeness and intentional infliction of emotional distress do not reference the OPP or any arguments made within. Reply at 8–10. They are almost a word for word restatement of the MTD. The shotgun pleading section is also entirely reargument with no reference to the OPP. Reply at 10.

**2. THE REPLY RESPONDS TO ARGUMENTS NOT RAISED IN OPPOSITION**

When it isn't a reargument, the Reply responds to issues not addressed in the OPP. To illustrate just a few examples, the Reply states "Plaintiff acknowledges that his disclosures regarding litigation and fundraising were, at times, incomplete, evolving, or later clarified." Reply at 3. However, Plaintiff has never acknowledged this, and certainly not in the OPP. The Reply provides no citations to the OPP or elsewhere to indicate what it is responding to or confirming which statement gives rise to this acknowledgement. The Reply would later repeat "The allegations reflect an evolving and disputed set of facts, coupled with Plaintiff's own acknowledgment that his public disclosures were incomplete or later clarified." Reply at 7. Yet once again there is no citation or quote to indicate where this conjured acknowledgement exists.

The Reply states "Plaintiff's Opposition attempts to isolate particular words—such as "fraud" or similar characterizations—and treat them as literal assertions divorced from their surrounding context." Reply at 4. This is responding to an argument the OPP never made. In fact, the OPP makes the exact opposite proposition. OPP at 10. The Reply appears to be arguing with the MTD itself.

The Reply states at page 5:

> Second, Plaintiff's own public statements confirm that the underlying events were subject to evolving explanations, incomplete disclosures, and competing interpretations. Plaintiff acknowledges that certain details were not fully disclosed, that

> aspects of his communications were later clarified, and that his public narrative developed over time. He further admits that he did not disclose certain information, including the details of a settlement offer, and has offered shifting accounts regarding litigation costs and funding.

Plaintiff has never acknowledged or admitted any of the claims made in this paragraph. Again, there are no citations, no quotes, nor any page references to indicate where these assertions arose from. This argument did not appear in the MTD and it does not appear to be responsive to anything in the OPP.

**3. THE REPLY IMPROPERLY INTRODUCES NEW ARGUMENTS**

The Reply attempts to cure the deficiencies highlighted in the OPP by introducing new legal theories supporting the propositions made in the MTD. For instance, the OPP highlighted that the MTD made a conclusory statement without any support that Plaintiff is a public figure. OPP at 5. The reply now seeks to undo this failure by putting forth multiple theories such as the size of Plaintiff's YouTube channel, soliciting funds, engaging in ongoing public discourse and a video published by Plaintiff. Reply at 7. These theories belonged in the MTD so that Plaintiff could have adequately responded.

**4. CONCLUSION**

Plaintiff is regretful that such a motion to strike is necessary, and if the Reply was merely a reargument Plaintiff would not feel it prudent. However, the added admissions and acknowledgements attributed to Plaintiff that seem to have been concocted out of thin air would be extremely prejudicial if accepted by the court.

**WHEREFORE,** Plaintiff respectfully requests that the Court strike Defendant's Amended Reply in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Alternatively, Plaintiff requests that the Court disregard the portions within the Amended Reply highlighted in this motion when ruling on Defendant's Motion to Dismiss.

**LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

Plaintiff certifies that on June 21, 2026, Plaintiff conferred in good faith with counsel for Defendant by email regarding the relief requested in this motion. Plaintiff identified the Local Rule 7.1(c)(1) and 7.1(c)(2) grounds for striking Defendant's initial reply (DE 23) and requested that Defendant withdraw that reply. Defendant amended the initial reply to cure the page length deficiency, however did not seek to address the other concerns. Plaintiff advised Defendant's counsel by email on June 23 that Plaintiff would file a motion to strike when the amended reply was filed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. Defendant's counsel is a registered CM/ECF user and will receive service through the Court's CM/ECF system upon docketing by the Clerk.

Dated: August 20, 2026

Respectfully submitted,

Karl Jobst
32 Ventura Street
Pallara, QLD, Australia 4110
Karljobstgaming@gmail.com
+61 432 597 334
Pro Se Plaintiff