UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-60997-KMM

KARL JOBST,

Plaintiff,

vs.

WILLIAM JAMES MITCHELL,

Defendant,
_____________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AMENDED REPLY IN SUPPORT OF MOTION TO DISMISS [DE 44]**

Defendant William James Mitchell ("Defendant"), through undersigned counsel, responds in opposition to Plaintiff Karl Jobst's Motion to Strike [DE 44] (the "Motion to Strike"). The Motion seeks to strike Defendant's Amended Reply [DE 40] (the "Reply") in support of his Motion to Dismiss [DE 16], which seeks dismissal of the First Amended Complaint [DE 8] (the "FAC"). The Motion to Strike should be denied. The Reply addressed the issues Plaintiff placed in dispute in his twenty-page Opposition [DE 18]: the Rule 12(b)(6) standard, whether the challenged statements are factual when read in context, falsity and fault, Plaintiff's public-figure status, commercial use of name or likeness, intentional infliction of emotional distress, and shotgun pleading. Local Rule 7.1(c)(1) permits that rebuttal.

Plaintiff's own Motion demonstrates the responsive nature of the Reply. For example, Plaintiff argues that the Reply answered his position incorrectly because his Opposition took "the exact

opposite proposition." DE 44 at 2. That is a disagreement about the answer to an issue Plaintiff raised, not proof that the Reply introduced a new issue. More fundamentally, Plaintiff accuses Defendant of concocting acknowledgments "out of thin air" while omitting the admissions in the August 11 Video that Plaintiff himself pleaded and affirmatively relied upon. FAC ¶¶ 19, 31. Limited overlap between an opening motion and a reply does not warrant striking an entire filing, and a party cannot manufacture prejudice by ignoring the pleaded source of the challenged characterization. To the extent the Court finds any isolated description imprecise, the proportionate remedy is to disregard that description, not strike the responsive legal analysis that remains.

## I. GOVERNING STANDARD

Local Rule 7.1(c)(1) provides that a reply "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c)(1). The Rule distinguishes a genuinely new theory from a response that explains why the opposition's arguments do not defeat the requested relief.

The Southern District of Florida accordingly recognizes a "subtle yet noteworthy distinction" between new material and rebuttal material. *Intra-Lock Int'l, Inc. v. Choukroun*, No. 14-cv-80930-BLOOM/Valle, 2015 U.S. Dist. LEXIS 34249 (S.D. Fla. Mar. 19, 2015) (quoting *Giglio Sub s.n.c. v. Carnival Corp.*, No. 12-21680-CIV, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012), aff'd, 523 F. App'x 651 (11th Cir. 2013)). Even reply evidence "may contain facts not previously mentioned" when those facts rebut the opposition and "do not raise a wholly new factual issue." *Giglio*, 2012 WL 4477504, at *2 (citing *Burger King Corp. v. Ashland Equities, Inc.*, 217 F. Supp. 2d 1266, 1280-81 (S.D. Fla. 2002)). The relevant inquiry therefore is not whether every sentence appeared in the opening motion, but whether the reply material answers something placed in dispute by the opposition.

The general local-rule authorities cited by Plaintiff establish that local rules must be followed, but they do not decide whether any particular passage constitutes rebuttal or require wholesale striking as the remedy for an isolated deficiency. *See* DE 44 at 1.

## II. THE CHALLENGED SECTIONS REBUT MATTERS RAISED IN PLAINTIFF'S OPPOSITION

### A. The Opinion-and-Context Discussion Directly Answers Plaintiff's Opposition.

Plaintiff devoted several pages of his Opposition to arguing that the challenged language was verifiable fact rather than opinion or rhetorical hyperbole. DE 18 at 9–13. He argued that adding a precise dollar amount transformed words such as "scam" into a provable accusation; that Defendant's relationship to the underlying litigation implied access to undisclosed facts; that surrounding references to litigation and incarceration reinforced a literal meaning; and that the full context favored Plaintiff. *Id*. at 10–13. Those arguments made the meaning and context of the publications central to the Opposition.

Sections II.A and II.B of the Reply responded that the statements must be evaluated within the online, adversarial, and frequently exaggerated exchange alleged in the First Amended Complaint, and that a reasonable viewer would understand the language as criticism and interpretation rather than a formal criminal accusation. DE 40 at 2–5. That is the other side of the contextual analysis Plaintiff expressly presented. The fact that Plaintiff believes the Reply misstated or failed to carry that analysis goes to the merits of the Motion to Dismiss; it does not make the analysis procedurally new.

Plaintiff correctly observes that his Opposition accused Defendant, not Plaintiff, of isolating individual words. *See* DE 18 at 10; DE 44 at 2. The Reply's contrary characterization was imprecise shorthand. But the disputed sentence introduced no new claim, evidence, or doctrine. It preceded a response to the very context question litigated at DE 18 at 10–13. If the Court considers that characterization unhelpful, it may disregard the sentence without striking the remainder of Sections II.A or II.B.

**B. The Falsity-and-Fault Discussion Rebutted Plaintiff's Detailed Falsity and Actual-Malice Arguments.**

Plaintiff's Opposition asserted that the allegations and cited materials demonstrated falsity for each defamation count. DE 18 at 3-4. It then argued at pages 4 through 8 that those same allegations supported negligence or actual malice, including what Defendant allegedly knew from the trustee's report, the parties' litigation history, fundraising descriptions, the Notch communications, Plaintiff's public rebuttals, and specifically the August 11 Video. Id. at 4-8; FAC ¶¶ 19, 31. Section II.C of the Reply answered those contentions by arguing that the pleaded history reflected disputed interpretations, incomplete disclosures, and later public explanations rather than facts supporting the sweeping inference of knowing falsity Plaintiff demanded. DE 40 at 5-6. That was direct rebuttal to Plaintiff's falsity and fault theories.

The Motion to Strike claims that the Reply's use of "acknowledges" and "admits" was "concocted out of thin air." DE 44 at 2-3. Plaintiff's own pleaded video forecloses that accusation. The FAC twice identifies the August 11 Video, describes it as Plaintiff's explanation of the controversy, and relies on Defendant's alleged knowledge of that video to plead actual malice. FAC ¶¶ 19, 31-33. Because Plaintiff made the video central to his allegations and does not dispute the authenticity of his own publication, the Court may consider its complete contents rather than Plaintiff's selective characterization. See *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The Reply's reference to "FAC at 31" meant paragraph 31, not page 31.

The August 11 Video contains direct admissions supporting the Reply's descriptions. Plaintiff stated that "many people aren't happy with how I wasn't clear enough during the lawsuit" and promised that "now everyone will know everything." Karl Jobst, *My Final Lawsuit Update*, at 1:54 (YouTube, Aug. 11, 2025), https://www.youtube.com/watch?v=NsK4VMYEMSE, (the "August 11 Video"). He then admitted: "I also completely mishandled the way I communicated to the public in

regards to the lawsuit. Obviously, I was intentionally choosing not to disclose what the lawsuit was about." *Id*. at 7:00. Those are Plaintiff's words, not Defendant's invention.

Plaintiff further admitted: "I never personally lied about what the lawsuit was about, but I was obviously negligent in some way, given how many people had the wrong impression." *Id*. at 9:18. He identified his "most egregious error" as showing news reports that incorrectly described the lawsuit without correcting them, and expressly acknowledged: "Clearly, showing a clip and not correcting it is misleading, and I fully appreciate how wrong that is now." *Id*. at 9:54. These statements directly support the Reply's descriptions of incomplete disclosures, material omissions, a misleading presentation that produced audience confusion, and subsequent clarification. Plaintiff may dispute the legal significance of those admissions, but his claim that they were fabricated "out of thin air" is contradicted by the very publication on which his FAC relies.

The Motion isolates two additional clauses concerning settlement details and accounts of litigation costs and funding. DE 40 at 5. Those subsidiary clauses were not offered as independent grounds for dismissal, and the Court need not resolve their ultimate weight to reject Plaintiff's claim that all of the Reply's acknowledgments were invented. The pleaded video begins by acknowledging that Plaintiff previously “couldn’t really say everything [he] wanted to say,” but was now “able to comment freely” and would “tell [his audience] everything.” August 11 Video, supra, at 0:20–0:45. It then addresses the damages, legal costs, agreed costs payment, and resulting $990,000 total debt, *Id.* at 10:24–11:35; externally and family-sourced funding and settlement proposals, *Id.* at 15:28–16:02, 27:17–29:53; and the purpose, sources, and use of the GoFundMe and other litigation funding, *Id.* at 45:42–46:11, 57:04–57:32, 1:05:16–1:10:13. If the Court concludes that either isolated clause required a more specific pinpoint, it may disregard that clause. That provides no basis to strike Section II.C or erase the directly quoted admissions above.

**C. The Public-Figure Discussion Was Expressly Invited by the Opposition.**

Plaintiff's contention that the Reply introduced public-figure status as a new theory is contradicted by the filings. The Motion to Dismiss stated at its outset that Plaintiff is "at minimum, a limited-purpose public figure." DE 16 at 1. Plaintiff then attacked that position directly, arguing that it was conclusory, that no qualifying public controversy existed, and that Defendant could not create a controversy through his own publications. DE 18 at 4-6. The Reply answered by identifying allegations already within the FAC: Plaintiff's million-subscriber channel, public fundraising, public discussion of the litigation, and the August 11 Video concerning the controversy. DE 40 at 7. The video itself confirms Plaintiff's voluntary public participation: "The truth is, I did want as many people to know about the lawsuit as possible," and he acknowledged turning it into a "giant public spectacle." August 11 Video, supra, at 7:55-8:03.

That elaboration did not add a new claim or defense. It supplied the responsive explanation Plaintiff specifically argued was missing, using Plaintiff's own pleaded allegations and publication. A rule that prohibited a movant from answering an opposition's claim that an opening assertion was unsupported would eliminate the function of a reply. Section III therefore falls squarely within Local Rule 7.1(c)(1), and Plaintiff's own admission that he deliberately publicized the controversy materially undercuts his attempt to portray the Reply's public-figure analysis as an invented theory.

**D. The Likeness, IIED, and Shotgun-Pleading Sections Answered Plaintiff's Contrary Arguments.**

The Motion to Strike asserts that Sections IV through VI merely repeat the opening Motion to Dismiss. DE 44 at 2. But Plaintiff addressed those subjects from pages 13 through 20 of his Opposition. On likeness, Plaintiff argued that the functional discount codes and merchandise bearing his literal face were direct commercial uses outside the expressive-use authorities cited by Defendant. DE 18 at 13–15. The Reply answered that the alleged uses remained part of commentary and criticism,

did not imply endorsement, and were not converted into actionable commercial uses merely because they appeared alongside revenue-generating activity. DE 40 at 8–9. Indeed, the Reply specifically addressed "[p]laintiff's reliance on discount codes and references to products." *Id*. at 8.

On IIED, Plaintiff argued that the claim rested on a cumulative pattern, violent imagery, Defendant's position as creditor, and alleged conduct beyond the defamation counts. DE 18 at 15–19. The Reply answered that the alleged images and statements remained expressive online commentary and that the claimed injury still arose from the same speech underlying the defamation claims. DE 40 at 9–10. On shotgun pleading, Plaintiff argued that each count sufficiently identified its statements and did not incorporate every prior allegation. DE 18 at 19–20. The Reply answered that the counts nevertheless broadly incorporated prior allegations and produced overlapping claims that obscured their factual bases. DE 40 at 10.

The Reply necessarily restated the governing propositions before explaining why Plaintiff's contrary arguments did not cure the defects identified in the Motion to Dismiss. That limited repetition does not convert the response into a forbidden new memorandum. Any unnecessary repetition may be disregarded; it does not justify removing the responsive portions of the filing.

**III. STRIKING THE ENTIRE REPLY WOULD BE DISPROPORTIONATE**

The Amended Reply did not attach new declarations, exhibits, or other evidentiary material. Its challenged sections address issues already framed by the Motion to Dismiss, the FAC, and Plaintiff's Opposition. The August 11 Video was not sprung on Plaintiff in reply: Plaintiff pleaded it twice, characterized its contents, and relied on Defendant's alleged awareness of it as part of his actual-malice theory. FAC ¶¶ 19, 31-33. The direct quotations above expose the defect in Plaintiff's accusation without changing the theory or relief sought. Plaintiff has also identified the precise language he disputes, eliminating any risk that the Court will unknowingly treat a contested characterization as an undisputed fact.

*Intra-Lock* denied a request to strike where the challenged reply material rebutted assertions in the opposition. 2015 U.S. Dist. LEXIS 34249 (S.D. Fla. Mar. 19, 2015). The same measured approach is appropriate. The Court should decide the Motion to Dismiss based on the arguments and materials it finds proper and disregard any isolated description it finds unnecessary.

## IV. CONCLUSION

**WHEREFORE**, Defendant respectfully requests that the Court DENY Plaintiff's Motion to Strike [DE 44]. Alternatively, if the Court determines that any isolated characterization identified above exceeds proper rebuttal or lacks an adequate record citation, Defendant requests that the Court disregard only that characterization and leave the remainder of the Amended Reply [DE 40] intact.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

*/s/Michele T. Mitchell*
Michele T. Mitchell
FLA. BAR NO. 1048843
***Counsel for Defendant***
***963 Azure Lane***
***Weston, FL 33326***
**954-658-0789**
**Primary Service:** michele@mtam.law
**Secondary Service:** billy@mtam.law

**SERVICE LIST**

**KARL JOBST**
**Pro Se Plaintiff**
32 Ventura Street
Pallara, QLD, Australia 4110
Phone : +61 432 597 334
karljobstgaming@gmail.com

---

Michele T. Mitchell, Esq.
**Counsel for Defendant**
963 Azure Lane
Weston, FL 33326
954-658-0789
michele@mtam.law
billy@mtam.law