**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

KARL JOBST,

Plaintiff,

v.

WILLIAM JAMES MITCHELL,

Defendant.

Case No. 0:26-cv-60997-KMM

FILED BY VB D.C.
SEP 08 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AMENDED REPLY IN SUPPORT OF MOTION TO DISMISS**

On August 30, Defendant filed a Response in Opposition ("OPP") (DE 45) to Plaintiff's Motion to Strike ("MTS") (DE 44), which challenges Defendant's Amended Reply in Support of Defendant's Motion to Dismiss ("Reply") (DE 40). Plaintiff files this Reply and states:

**MEMORANDUM**

**1. DEFENDANT CONCEDES SUBSTANTIAL REPETITION**

For the sake of brevity, Plaintiff will not repeat and compare every single paragraph that Defendant recycled in the Reply. This comparison is unnecessary, however, as the OPP appears to concede that vast sections are restatements of the original motion. Section D made this clear enough. Regarding the likeness claim, the OPP states: "The Reply answered that the alleged uses remained part of commentary and criticism, did not imply endorsement, and were not converted into actionable commercial uses merely because they appeared alongside revenue-generating

activity." OPP at 6–7. These are the exact arguments made in the Motion to Dismiss ("MTD") (DE 16).

Defendant further explains at page 7 of the OPP:

> On IIED, Plaintiff argued that the claim rested on a cumulative pattern, violent imagery, Defendant's position as creditor, and alleged conduct beyond the defamation counts. DE 18 at 15–19. The Reply answered that the alleged images and statements remained expressive online commentary and that the claimed injury still arose from the same speech underlying the defamation claims. DE 40 at 9–10. On shotgun pleading, Plaintiff argued that each count sufficiently identified its statements and did not incorporate every prior allegation. DE 18 at 19–20. The Reply answered that the counts nevertheless broadly incorporated prior allegations and produced overlapping claims that obscured their factual bases. DE 40 at 10.

Indeed, the Reply did state that images and statements remained expressive online commentary, which was the exact argument presented in the MTD. The Reply also did indeed state the exact same alleged shotgun pleading deficiencies. At no point in the OPP does it point to any actual rebuttal or any analysis that is not pure reargument. Instead, it appears to be of the impression reargument is permissible so long as it is responsive to something in the opposition. However, this is expressly disallowed by Local Rule 7.1(c)(1).

The OPP further admits: "The Reply necessarily restated the governing propositions before explaining why Plaintiff's contrary arguments did not cure the defects identified in the Motion to Dismiss." OPP at 7. But Local Rule 7.1(c)(1) permits rebuttal "without reargument of matters covered in the movant's initial memorandum of law." The Rule contains no exception permitting reargument because Defendant considers repetition "necessary." More importantly, review of the Reply shows that, aside from restating Defendant's original propositions, the supposed reasoning explaining *how* Plaintiff's Opposition failed to cure those defects is simply not present. Nor does the OPP identify where those explanations allegedly appear.

## 2. DEFENDANT STILL FAILS TO SUBSTANTIATE HIS FALSE CLAIMS OF ALLEGED ADMISSIONS

The OPP states that "[t]he Motion to Strike claims that the Reply's use of 'acknowledges' and 'admits' was 'concocted out of thin air.'" OPP at 4. Nowhere does the MTS claim this. It is the **content** of the alleged acknowledgements and admissions that the MTS disputes. Defendant again refuses to engage with the actual quoted language at issue. The OPP proposes that the "August 11 Video contains direct admissions supporting the Reply's descriptions." *Id.* at 4. Yet none of the quotes provided within that video support the Reply's factual claims. As explained in the MTS, the Reply contains the false and unsupported factual assertion that "Plaintiff acknowledges that his disclosures regarding litigation and **fundraising** were, at times, incomplete, evolving, or later clarified." Reply at 3 (emphasis added). None of the quotes outlined in the OPP refer to or even mention any fundraising. Nor do any of them identify any clarification, evolution, or shifting account regarding fundraising. Defendant still fails to explain how any of these quotations substantiate the fundraising-related assertions challenged in the MTS.

To the contrary, the August 11 Video explicitly addresses the fundraising and states: "But when it came to describing the 2nd lawsuit or my GoFundMe they had no issues whatsoever. Because everything I said was true." August 11 Video at 59:32. Defendant invokes the August 11 Video yet conveniently leaves out the actual comments regarding the fundraising. Count II of the FAC specifically addresses claims regarding a GoFundMe and a second threatened lawsuit. FAC ¶¶ 23–35. The quotations provided in the OPP concern Plaintiff's public discussion of the first lawsuit; they do not substantiate the Reply's separate assertions concerning fundraising or shifting funding accounts.

The OPP further quotes Plaintiff stating: "Clearly, showing a clip and not correcting it is misleading, and I fully appreciate how wrong that is now." OPP at 5. The quoted statement concerns a news clip Plaintiff displayed in **2024**—years after the GoFundMe fundraising had occurred and ceased. Defendant does not explain how Plaintiff's failure to correct a 2024 news report supports the Reply's assertion that Plaintiff acknowledged or admitted to deficiencies in his earlier fundraising disclosures. The quotation provided does not substantiate the factual proposition for which Defendant invokes it. The same mismatch affects the other quotations, though Plaintiff will not belabor the point because they fail to substantiate the challenged assertions on their face.

Regardless, the MTS challenged these supposed "acknowledgments" and "admissions" because they appeared neither in the MTD nor as responses to anything raised in the Opposition to the Motion to Dismiss ("MTD OPP") (DE 18). Defendant now characterizes them as "direct rebuttal" merely because the MTD OPP addressed falsity and fault. OPP at 4. But the fact that a new factual theory bears on an element discussed in opposition does not itself make that theory rebuttal. A reply memorandum "may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v. Midland Credit Mgmt., Inc.*, Case No. 14-20140-CIV-LENARD/GOODMAN, ECF No. 50 at 3 (S.D. Fla. Aug. 5, 2014).

### 3. ATTEMPTING TO CURE IDENTIFIED DEFICIENCIES IS NOT PROPER REBUTTAL

The OPP alleges that "Plaintiff's contention that the Reply introduced public-figure status as a new theory is contradicted by the filings." OPP at 6. Nowhere did Plaintiff ever contend that public-figure status was introduced in the Reply. This alleged contention is not identified or supported by any citation or quote. Plaintiff's argument was very specific—that the MTD failed

to supply any supporting analysis for its conclusion that Plaintiff is a public figure. MTD OPP at 5. A direct rebuttal would have identified where the MTD supplied the allegedly missing analysis; instead, the Reply supplied new factual predicates and analysis.

Defendant invokes *Intra-Lock* to justify the inclusion of new material in the Reply. OPP at 2. But *Intra-Lock* expressly distinguished new arguments from rebuttal evidence, explaining that "while raising new arguments on reply is generally inappropriate," reply evidence may contain previously unmentioned facts only where those facts "rebut elements of the opposition memorandum and do not raise wholly new factual issues." *Intra-Lock Int'l, Inc. v. Choukroun*, Case No. 14-cv-80930-BLOOM/Valle, ECF No. 114 at 3 (S.D. Fla. Mar. 18, 2015). There, the Court permitted a specific piece of rebuttal evidence because the opposition had expressly asserted that the movant had failed to identify a single false statement; the new evidence was therefore "clearly submitted in order to negate" that specific factual assertion. *Id.* at 4. *Intra-Lock* does not authorize a movant to supply new arguments or wholly new factual predicates merely because an opposition identifies that the opening motion failed to provide any justification for a legal conclusion.

The OPP further admits: "[t]hat elaboration did not add a new claim or defense. It supplied the responsive explanation Plaintiff specifically argued was missing, using Plaintiff's own pleaded allegations and publication." OPP at 6. Elaboration, by definition, means to further develop a proposition **already argued**. More importantly, describing the omitted explanation as "responsive" does not alter what Defendant admits occurred: the MTD asserted the public-figure conclusion without that explanation, and the Reply supplied the explanation after Plaintiff identified its absence.

**4. STRIKING THE ENTIRE REPLY IS APPROPRIATE**

The OPP concedes on multiple occasions that portions of the Reply are potentially improper and may be disregarded. It asks the Court to "decide the Motion to Dismiss based on the arguments and materials it finds proper and disregard any isolated description it finds unnecessary." OPP at 8. Including the request quoted above, Defendant makes such a request no fewer than six times throughout the OPP:

a) "To the extent the Court finds any isolated description imprecise, the proportionate remedy is to **disregard that description**…" *Id.* at 2.

b) "If the Court considers that characterization unhelpful, it may **disregard the sentence**…" *Id.* at 3.

c) "If the Court concludes that either isolated clause required a more specific pinpoint, it may **disregard that clause**." *Id.* at 5.

d) "Any unnecessary repetition may be **disregarded**…" *Id.* at 7.

e) "Alternatively, if the Court determines that any isolated characterization identified above exceeds proper rebuttal or lacks an adequate record citation, Defendant requests that the Court **disregard only that characterization**…" *Id.* at 8.

Given that the Reply is replete with improper argument, it should not fall to the Court to parse each page to audit, sever, and reconstruct the filing on Defendant's behalf. Where a reply violates the Local Rules, striking the filing in its entirety is an available and proportionate remedy. In *Capua v. Air Europa Lineas Aereas S.A. Inc.*, No. 20-cv-61438-RAR, ECF No. 20 (S.D. Fla. 2020), the Court struck the noncompliant filings in their entirety because they exceeded the applicable page limit and failed to comply with formatting requirements. The Court did not merely disregard the pages exceeding the permitted limit.

**WHEREFORE,** Plaintiff respectfully requests that the Court strike Defendant's Amended Reply in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Alternatively, Plaintiff requests that the Court disregard the improper portions identified in the MTS.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. Defendant's counsel is a registered CM/ECF user and will receive service through the Court's CM/ECF system upon docketing by the Clerk.

Dated: September 8, 2026

Respectfully submitted,

K. Jobst

Karl Jobst
32 Ventura Street
Pallara, QLD, Australia 4110
Karljobstgaming@gmail.com
+61 432 597 334
Pro Se Plaintiff