**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KARL JOBST,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JAMES MITCHELL,<br><br>Defendant. | Case No. 0:26-cv-60997-KMM |

FILED BY VB D.C.
SEP 08 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AMENDED REPLY IN SUPPORT OF MOTION FOR SECURITY FOR COSTS**

On August 30, Defendant filed a Response in Opposition ("OPP") (DE 46) to Plaintiff's Motion to Strike ("MTS") (DE 43), which challenges Defendant's Amended Reply in Support of Defendant's Motion for Security for Costs ("Reply") (DE 41). Plaintiff files this Reply and states:

## MEMORANDUM

### 1. DEFENDANT DOES NOT DEFEND THE CHALLENGED ASSERTIONS AS WRITTEN

Defendant repeatedly attempts to substitute materially different propositions for those stated in the reply. The OPP states: "[t]hus, 'same opposing party' is more precise than the Reply's references to 'the same defendant.' Likewise, 'successive litigation' describes the chronological fact that this federal action follows the Australian action between the same two adverse parties; it need not mean that Plaintiff previously occupied the plaintiff's side of the

caption. The imprecise procedural label neither created new evidence nor altered the security request." OPP at 4–5. Plaintiff disagrees that this is merely an imprecise procedural label. "Same opposing party" and "same defendant" have materially different meanings and implications. That distinction matters because the Reply used these factual assertions as the basis for entire arguments. The Reply included a section titled "Aggarwal Does Not Protect Strategic Judgment Debtors or Successive Litigation Against the Same Defendant." Reply at 4. After admitting that these terms were "imprecise," instead of withdrawing the claim or seeking leave to amend, Defendant asks the Court to completely reinterpret the words as written to mean something else entirely. Those two admittedly "imprecise" terms alone are used a total of **seven times** in the Reply.

The OPP further attempts to substitute the term "judgment debt" for the Reply's false assertion that the "defamation judgment" totaled $990,000. It argues "Defendant agrees that 'approximately AUD $990,945.57 total judgment debt arising from the Australian defamation proceeding' is the most exact formulation." OPP at 5. Calling approximately AUD $990,945 a "defamation judgment" is not simply a less exact way of calling it "total judgment debt arising from the Australian defamation proceeding." The latter materially changes what the amount represents. Defendant attempts to excuse this inaccuracy by labelling it merely as a "semantic distinction." OPP at 5. However, not only is the difference concrete, the false assertion that the defamation judgment was approximately AUD $990,000 was specifically used as an argument supporting Defendant's Motion for Security for Costs ("MSC") (DE 17). The Reply argued: "Plaintiff's current financial condition is not an independent or blameless hardship. It is the direct consequence of a substantial defamation judgment—approximately $990,000 AUD—entered against him in favor of Defendant for that very conduct." Reply at 4. The judicial award for the defamation conduct was approximately AUD $390,446 including interest; the remaining

approximately AUD $600,499 was a later agreed costs figure. DE 17, Ex. C at 1; DE 32, Jobst Decl. Exs. B–D. Defendant used a false factual premise as part of his equitable argument.

The OPP attempts to justify this false assertion by pointing to a shorthand description used by counsel within a costs settlement offer. OPP at 5. Needless to say, a shorthand label for the sake of brevity within correspondence does not change the nature and amount of a judgment. Nor should it need to be explained that "defamation judgment" and "judgment debt" have two materially different meanings.

Throughout the Reply, Defendant repeatedly asserted that Plaintiff had disclaimed the ability to satisfy an adverse cost award. Reply at 2, 4, 8. Defendant further specified that Plaintiff had "expressly disclaimed" that ability. *Id.* at 8. Defendant went even further to label this as a "fundamental fact," stating: "Even if Plaintiff's characterizations were accepted as true, they would not alter the fundamental facts: Plaintiff is a foreign resident, is currently in bankruptcy, and has disclaimed the ability to satisfy an adverse cost award. Those facts, not Plaintiff's subjective grievances, control the outcome of this motion." *Id.* This alleged "fact" was one of the core arguments of the Reply, featuring prominently in the Reply's conclusion. *Id.* Plaintiff challenged this assertion in the MTS. MTS at 2–3. Now, Defendant claims this is merely an "inference," arguing that "Plaintiff cannot convert disagreement over the breadth of that inference into a claim that its factual foundation was invented. At most, the Court may understand 'expressly disclaimed' as referring to Plaintiff's expressly stated inability to pay the existing judgment-related obligation and the resulting inference of substantial collectability risk here." OPP at 7. The MTS did not challenge an "inference"; it challenged a false assertion of fact. Tellingly, the word "inference" does not appear in the Reply a single time.

In total, these challenged factual assertions are repeated **more than a dozen times** over the course of the Reply, with Defendant **explicitly relying on them** to support his MSC. Clearly,

an $80,000 bond request against a bankrupt plaintiff is potentially dispositive. These inaccuracies are not trivial. They are not "semantic" and they should not be tolerated by the Court. Each one is directly prejudicial to Plaintiff, and a MTS should not have been required to correct these false claims.

**WHEREFORE,** Plaintiff respectfully requests that the Court strike Defendant's Amended Reply in Support of Defendant's Motion for Security for Costs. Alternatively, Plaintiff requests that the Court disregard the improper portions identified in the MTS.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September 2026, I caused the foregoing document to be filed with the Clerk of Court at the Clerk's Office. Defendant's counsel is a registered CM/ECF user and will receive service through the Court's CM/ECF system upon docketing by the Clerk.

Dated: September 8, 2026

Respectfully submitted,

K. Jobst
Karl Jobst
32 Ventura Street
Pallara, QLD, Australia 4110
Karljobstgaming@gmail.com
+61 432 597 334
Pro Se Plaintiff